## BABCOCK *against* HUBBARD and others.

Executors who have given bond with surety to the judge of probate for the faithful performance of their trust, are jointly liable, as principals, to indemnify the surety, who has been subjected for the default of one of them.

*A., B., C.* and *D.,* being joint executors, the three former signed a probate bond, which *E.,* at the sole request of *A.,* induced by a family connexion between him and *A.,* and expecting to look to *A.* only for indemnity, signed as surety. Afterwards, *D.* signed the bond as principal. Held, that this act was a recognition of *E.* as *D.*'s surety, and was equivalant to a request.

THIS was an action of *assumpsit,* alleging that the plaintiff, on the 28th of *June* 1808, at the request of *Sally Hubbard,* then *Sally Phelps,* a feme sole, *Joseph D. Phelps,* since deceased, *Stiles Phelps* and *Jonathan Phelps,* executors of the will of *Charles Phelps,* Esq., deceased, signed, with them, a bond to the judge of probate, for the faithful performance of their trust as executors, in consideration whereof, they promised the plaintiff, that they would, at all times, fully indemnify him ; and that after the decease of *Joseph D. Phelps,* an action was brought, in the name of the judge of

OF THE STATE OF CONNECTICUT.

probate, on the bond, against the other executors and the plaintiff, as surviving obligors, and a recovery was obtained against them, before the superior court, in *January* 1815, for the sum of 4680 dollars, 25 cents, which the plaintiff was compelled to pay.

The cause was tried at *Norwich, January* term 1818, before *Swift,* Ch. J. and *Brainard* and *Goddard,* Js.

On the trial, the plaintiff proved the execution of the bond, the recovery against the obligors, and the payment of the money by him, as alleged in the declaration; and there rested his case. The defendants proved, that the plaintiff had said, that he signed the bond, at the sole request of *Joseph D. Phelps,* who was his brother-in-law, and that he should not have signed it, had it not been for this connexion; that he expected to be surety for him only, and that the other executors were to procure sureties for themselves; that the name of *Sally Phelps* (now Mrs. *Hubbard*) was not then on the bond, and he had, at that time, no expectation that she was, in any event, to be responsible to him. The defendants also proved, that the breach of the bond, for which a recovery was had, was for the sole default and mismanagement of *Stiles Phelps,* one of the executors; for which Mrs. *Hubbard* had already paid a large sum. The court charged the jury, that these facts did not constitute a legal defence to the action; and directed them to return a verdict for the plaintiff; which they accordingly did. The defendants moved for a new trial, on the ground of a misdirection; and the court reserved the motion.

*Daggett* and *Sherman,* in support of the motion, contended, 1. That the plaintiff's evidence, considered separately, did not support the promise alleged in the declaration. The promise alleged, is a *joint* promise of the defendants to indemnify the plaintiff, in consideration of his having signed a probate bond, at their *joint* request. The proof was, not of a *special* promise or request of any kind, but of such a promise and request, and such only, as the law *implies* from the plaintiff's having signed a probate bond with the executors. But co-executors, as such, are not liable for the defaults of each other; each being liable only for his own acts. *Little-hales* v. *Gascoyn,* 3 *Bro. Chan. Ca.* 74. *Toll. Exec.* 430. 3 *Bac. Abr.* 31. (*Wils.* edit.) If Mrs. *Hubbard* is liable at all,

*Hartford,*
*June, 1818.*

Babcock
*v.*
Hubbard.

it is not because she was co-executor with *Stiles Phelps,* who wasted the estate, but because she signed the probate bond with him. By this act, she became his *surety ;* and was, in this respect, upon the same footing with the plaintiff. If she, instead of the plaintiff, had been compelled to pay the whole money, she might have called on him, as well as upon her co-executors, for contribution. Her liability is that of *a surety to a co-surety.* Now, such a liability is always *several,* and not joint. This is a substantial variance. If a *joint* undertaking can be supported, Mrs. *Hubbard* may be compelled to pay the whole sum : if the undertaking is *several,* she will only be liable to contribution.

2. That the evidence adduced by the defendants was sufficient to rebut the equity, from which the promise is supposed to arise ; or it may be considered as a waiver of the promise. An express agreement by the plaintiff, at the time of signing, to look to *Joseph D. Phelps* alone for indemnity, would unquestionably be binding. The court ought, at least, to have left his declarations to the jury, as evidence of an agreement to that effect.

*Cleaveland* and *Brainard,* contra, contended, 1. That this was not an action between co-obligors, or co-sureties, but an action by the sureties against the obligors ; and that the plaintiff was entitled, not to a contribution merely, but to a complete indemnity. The statute requires executors to give *a bond with surety.* All the executors are *principals ;* all stand in that relation to the surety ; and all are liable accordingly. The plaintiff has been compelled to pay what all the defendants were bound to pay. The law implies a promise by all, to reimburse this money to the plaintiff. *Exall v. Partridge & al.* 8 *Term Rep.* 310, 311. If any one of the principal obligors had paid the whole sum recovered for the breach of the bond, the plaintiff could never be called upon to contribute. *Elmendorph* v. *Tappen & al.* 5 *Johns. Rep.* 176.

2. That Mrs. *Hubbard's* signing the bond, knowing that the plaintiff's name was upon it as surety, was a recognition of him as her surety ; and was tantamount to a *request* from her, that he would become such. *Long & al.* v. *Greene & al.* 7 *Mass. Rep.* 278. See also *Elmendorph* v. *Tappen & al.* before cited.

*Hartford*,
June, 1818.

Babcock
*v.*
Hubbard

SWIFT, Ch. J. It appears, that *Sally Phelps*, now *Sally Hubbard*, *Joseph D. Phelps*, deceased, *Stiles Phelps* and *Jonathan Phelps*, were co-executors of the will of *Charles Phelps*, deceased : and that *Paul Babcock*, the plaintiff, was surety for them in their bond to the judge of probate, for the faithful performance of their trust as executors ; that the bond has been put in suit, and a recovery had of a large sum of money, which the plaintiff has been compelled to pay ; and he brings this action to recover an indemnity.

Whenever one man becomes surety for another, for the payment of money, or the performance of any duty, the law implies a promise of indemnity ; and in this case, though the plaintiff might have signed the probate bond before Mrs. *Hubbard*, and though he might have relied on *Joseph D. Phelps* for indemnity ; yet her subsequent act in executing the bond, knowing him to be the surety, was recognizing and adopting him to be her surety, and was equivalent to a request. When the plaintiff had been compelled to pay the judgment recovered against him and the defendants, for their default, he had an option, either to bring his action on the implied promise to indemnify, and shew the payment of the judgment, as a breach of promise ; or to bring his action for the money paid on the execution, as money paid at their request.

It has been urged by the defendants, that it appears the recovery on the bond was for the default and mismanagement of *Stiles Phelps* ; that co-executors are not liable for a *devastavit* committed by each other ; that by joining in the bond, they became merely sureties for each other, for their respective defaults ; and that, as co-sureties, they are liable only to a writ of contribution to pay their respective proportions, and cannot be liable in a joint action. But all the executors, by joining in the bond to the judge of probate, became jointly liable, for the default of each. They were co-obligors ; the plaintiff was surety for them all, and not co-surety : he has, therefore, an action against them, jointly, for indemnity.

GOULD, J. It is not denied, that a surety, at the time of becoming such, may waive all claim to indemnification, from any, or all, of his principals. But unless he does so, the law raises a contract of indemnity in his favour, against all of them. Here, the defence, to make the utmost of it, is, only,

*Hartford,*
June, 1818.

Babcock
*v.*
Hubbard.

that the plaintiff executed the bond, without any *express* previous request, by the defendant, Mrs. *Hubbard ;* that he did not originally *expect* to resort to her, for his indemnification, as she was not, then, a party to the instrument ; and that the breach of the condition, for which he has been subjected, was occasioned, not by her, but solely by her co-executor, *Stiles Phelps.* But these facts furnish no legal answer to the plaintiff's demand. An actual request, by her, was certainly not necessary, to constitute the plaintiff her surety. The law required her to have one ; and by becoming herself a party to the bond, as principal, she recognized and accepted him, in the character of surety, for herself : or, rather, from the relation, in which the plaintiff stood to the principals in the bond, he became, by necessary legal operation, surety, as well for her, as for her co-executors. And if she only had been in default, he would, unquestionably, have been liable for it.

What is meant, by the plaintiff's not originally *expecting* to be indemnified, by the defendant, Mrs. *Hubbard,* is explained by the evidence, which states his acknowledgment of the fact. He did not, at the time, reflect, or did not know, that she was to become a party to the same bond. But there is nothing in that acknowledgment, from which it can possibly be inferred, that he intended to decline his legal claim to indemnification, against any of those, to whom his joining in the bond would place him in the actual relation of surety. And Mrs. *Hubbard,* by afterwards executing the same bond, as a principal, established the relation of principal and surety, between herself and him. The case is similar, in principle, to that of *A.'s* becoming surety for a mercantile house, in which *B.* is a dormant partner—in which case, it cannot be doubted, that *B.* would stand in the relation of a principal to *A.,* and be, of course, a party to the implied contract of indemnity.

But it is urged, that, as the defendant, Mrs. *Hubbard,* has been personally guilty of no misconduct, or default, as executrix ; she is not bound to indemnify the plaintiff : for it is said, that when one executor is liable, upon a probate bond, for the defaults of his co-executors, his liability is only that of a surety or guarantee ; and that Mrs. *Hubbard* is, therefore, so far as regards the default of *Stiles Phelps,* but a co-surety with the plaintiff. If this were so, she would be

bound, it is true, only to contribute a *proportion* of the amount, which the plaintiff has been compelled to pay, instead of being liable, as a principal, to reimburse the whole. But the conclusion is incorrect : for though the liability of each of the executors, as parties to the bond, may, *as between themselves,* resemble that of a surety, for his principals ; yet, as regards the *plaintiff,* who is, to every intent, a mere surety, they must clearly be considered, as joint *principals.* For principals in an obligation, as distinguished from sureties, are those of the obligors, the performance of *whose duty* the obligation is given to secure. In this view of the subject, Mrs. *Hubbard* is to be regarded, for the purpose of the present question, as one of several *joint debtors ;* as against whom, in favour of a surety, the default of one, is the default of all—as the request of one, in procuring a surety, is the request of all. There is, therefore, no foundation for the defence.

The other Judges were of the same opinion.

New trial not to be granted.