KNAPP *against* HANFORD and another.

To render executors liable for the payment of a legacy, it must be shewn, that the testator left assets, which came to their hands.

To shew that a feme covert died possessed of property sufficient to pay a legacy given by her, evidence of property owned by her, at the time of her marriage, and during the coverture, is admissible.

Evidence that assets came to the hands of one of two joint executors, is admissible in an action for a legacy against both.

The omission of executors, who have received *any* property of the testator, to make and exhibit an inventory, is evidence of assets in their hands sufficient to pay all the legacies.

THIS was an action of debt for a legacy, given to the

plaintiff, *Hannah Ann Knapp*, by *Lucy Ann Weed*, in her last will. (*a*)

The cause, which had been previously tried, and a new trial granted, was tried again, at *Fairfield, December* term, 1826, before *Peters,* J

On this trial, these facts were agreed to, by the parties. On the 15th of *July,* 1816, *Lucy Ann Weed* made her will, bequeathing a legacy of 100 dollars to the plaintiff, and appointing *Seth Weed* her executor He accepted the trust ; and afterwards died, having made his will, and appointed the defendants, *Thaddeus Hanford* and *Ralph Hoyt,* his executors ; who took upon themselves the executorship of the latter will, as well as that of *Lucy Ann Weed.* The plaintiff's legacy had been demanded of them ; but it had never been paid. *Lucy Ann Weed,* at the time of her death, and for several years before, was the wife of *Seth Weed.* Previous to her intermarriage with him, and in contemplation of that event, an agreement was executed under their hands and seals, giving her the entire controul and ownership of all the property she owned at the time of the intermarriage, and authorizing her to dispose of it at her pleasure.

The plaintiff claimed, that all the legacies given by Mrs. *Weed,* in her will, (of which there were several) except that given to the plaintiff, had been paid. For the purpose of shewing, that Mrs. *Weed* died possessed of property sufficient to pay the legacy in queston, which came to the hands of the defendants, the plaintiff offered, 1st, the testimony of *Henry Hoyt,* jun., that he, by *Seth Weed's* direction, while the latter was executor, paid a legacy given by Mrs. *Weed's* will to the *Stanwich* society, and also one given to himself, out of moneys belonging to her estate, at the time of her death ; 2ndly, the testimony of *Benjamin Brush,* jun. that *Benjamin Brush,* during the executorship of *Seth Weed,* and by his direction, received payment of a legacy given by said will to himself, and paid a legacy given by the same will to *Rachel Brush,* out of moneys due on certain notes belonging to the estate of Mrs. *Weed,* upon which there were endorsements made by *Seth Weed,* in his hand writing, and subscribed by him, stating, that they were the property of his wife ; 3rdly, the testimony of *Nathan Olmsted,* that he owed Mrs. *Weed,* at the time of her marriage, 500

(*a*) See a statement of the declaration, and of the case, as it appeared on the first trial, 6 *Conn. Rep.* 170.

Knapp
*v.*
Hanford.

dollars, which he paid to her shortly afterwards. To this evidence the defendants objected ; but the judge admitted it.

To prove that the defendants had received a part of Mrs. *Weed's* estate, the plaintiff offered the testimony of *Nathan Chichester;* that during Mrs. *Weed's* life, he owed *Seth Weed* a note for 100 dollars, which he paid with money that he borrowed of Mrs. *Weed;* that for the money so borrowed, he gave a note payable to her, which he delivered to *Seth Weed* for her ; that he paid the interest to her, during her life ; that after her death, he paid *Seth Weed*, as her executor, 75 dollars, and the balance remained unpaid until after *Seth Weed's* death; and that this note then coming into the hands of the defendants, he paid to *Ralph Hoyt*, one of the defendants, the balance due thereon, *viz.* 36 or 38 dollars. To this evidence the defendants objected ; but the judge admitted it.

The plaintiffs also offered testimony to prove, that *Seth Weed*, while executor, made no inventory of his wife's estate ; and that the defendants had never made one. To this evidence the defendants objected ; but the judge admitted it.

The plaintiff claimed, that if the defendant had received any part of Mrs. *Weed's* estate, as her executors, for the payment of legacies, and there were other legacies than hers unpaid, she was entitled to recover a proportionable part of such assets. But she claimed that she had proved, that the defendants had received enough to pay the whole of her legacy and of all others that remained unpaid ; and that the jury, from the facts tesstified to, by *Chichester*, and the fact that no inventory had been made, by the defendants, had right to presume, until the contrary should be shewn, that the defendants had received assets of Mrs. *Weed's* estate enough to pay her legacy and all others that remained unpaid. These claims were resisted, by the defendants. The judge instructed the jury, that from the facts testified to, by *Chichester*, if found by them to be true, together with the neglect of the defendants to make an inventory, they had right, in the absence of evidence to the contrary, to presume that the defendants had received sufficient assets to pay all legacies remaining unpaid. The jury returned a verdict for the plaintiff ; and the defendants moved for a new trial.

*Sherman* and *Bissell*, in support of the motion, contended,
1. That the evidence offered by the plaintiff, and admitted by

the judge, was not admissible. It is to be remarked in the outset, and kept in mind, that the defendants are liable only as executors of *Lucy Ann Weed,* and only so far forth as they have assets. They are not liable, in this action, for any *devastavit* of *Seth Weed ;* nor on the ground that they have his assets. The question then is, whether the testimony offered and admitted, was pertinent to prove the fact of assets.

First, as to the testimony of *Brush* and *Hoyt.* The fact that the other legacies were paid, was relevant only for the purpose of shewing, that whatever assets were in the hands of the defendants were to be applied to the payment of the legacy in question. But the evidence was offered not only for this purpose, but also to shew assets, and that they came to the knowledge of the defendants ; and it was admitted generally On this ground, they were the mere admissions of *Seth Weed* that there were assets. It has already been decided, by the court, that such admissions are not evidence. *Knapp* v. *Hanford* & al. 6 *Conn. Rep.* 170.

Secondly, as to the testimony of *Nathan Olmsted.* How does the fact, that many years before her death, Mrs *Weed* had 500 dollars in money, conduce to establish the main fact in the case, *viz.* that the defendants have assets ? The burthen of proof lies on the plaintiff. Can she thus shift it, and call upon the defendants to shew that this money was spent or lost ?

Thirdly, as to the testimony of *Chichester.* So far as it went to prove assets in the hands of *Seth Weed,* it was clearly inadmissible. It is on this ground only, that we object to it.

Fourthly, it was not competent to the plaintiff to prove, that *Seth Weed* neglected to make an inventory. It is difficult to see for what purpose the testimony was offered, unless for the purpose of shewing, that *Seth Weed* had not duly administered. But that fact was surely immaterial in this action Was it admissible for the purpose of excusing the non-production of the inventory ? An inventory by *Seth Weed,* if made and offered, would not have been admissible.

Fifthly, it was not competent to the plaintiff to prove, that the defendants had never made an inventory. If this evidence is admissible, it must be for the purpose of raising a presumption, that assets other than those proved, had been received by the defendants, and of calling on them to repel such presumption. Can this be done ? The mere omission to make an in-

ventory, is no evidence of fraud or subtraction.   If there was no estate to be inventoried, there could be no inventory.   To subject the executor, there must be a *wilful neglect;* such as affords evidence of a *concealment of estate.*

2. That the charge was incorrect.   To ascertain the correctness of the charge, it becomes necessary to advert to the testimony of *Chichester.*   Viewing that testimony in the light most favourable to the plaintiff, it only proves that assets to the amount of 36 or 38 dollars actually came to the hands of the defendants; not that they had sufficient to pay all legacies remaining unpaid   As the action proceeds on the ground of assets, the recovery must be limited to the amount of assets shewn.   On whom lies the burden of proving asset?   Clearly on the plaintiff.   Does the proof of assets to a certain amount, shift the burden of proof as to the residue of the claim ?   Will it be said, that the jury were to presume, that the 75 dollars in the hands of *Seth Weed,* came to the possession of the defendants?   This is directly opposed to the former decision of the court in this case   6 *Conn. Rep.* 175.   Were the jury to presume it from the fact that no inventory was made by the defendants?   There is no evidence, that the defendants *knew,* that this note belonged to the estate of Mrs. *Weed.*   But suppose they had made an inventory of this 36 or 38 dollars ; could they have offered the inventory to repel the presumption of their having more ?

At any rate, there is nothing in the case that authorized the charge as against the defendant *Hanford.*   He had received nothing.   There is a difference between executors and trustees as to joint liability.   2 *Fonb. Eq.* 184.

*N. Smith* and *C. Hawley,* contra, contended, 1. That the testimony offered by the plaintiff, was properly admitted.

First, the testimony of *Hoyt* and *Brush* to prove the payment of other legacies, was offered and admitted, not for the purpose of fixing the defendants with assets, on the ground that *Seth Weed* had paid other legacies, but on the ground that if all the other legacies had been paid, the plaintiff was entitled to recover the whole which remained in their hands, or enough to pay her legacy; and if the legacies were extinguished, it was immaterial whether the notes were the property of Mrs. *Weed* or not.   The entries by *Seth Weed,* being entries against his interest at the time, were admissible to shew property in Mrs

Fairfield,
June, 1828.

Knapp
v.
Hanford.

*Weed: Ivat* v. *Finch* & al. 1 *Taun.* 141. 1 *Phil. Ev.*
190. 193, 4. This testimony was offered in connexion with
other evidence shewing that the property came to the defend-
ants' hands

Secondly, *Olmsted's* testimony was admissible. Proving
property in the testatrix, during her life, raised some presump-
tion that she had property at her death. This presumption
might be feeble, and was liable to be rebutted ; but its *weight*
is not now under consideration. It belonged to the jury to
pass upon *that.*

Thirdly, *Chichester's* testimony was admissible. It directly
proved assets in the hands of the defendants. The fact of the
payment of 75 dollars to *Seth Weed*, during his life, was not
offered to raise a presumption that the defendants had received
that money, but was mentioned by the witness *incidentally*, to
shew how much remained due on the note, and was paid by
him to the defendant *Hoyt ;* it being expressly conceded by the
plaintiff, that she could not recover, unless she shewed, that the
defendants had received assets ; and nothing was claimed, ex-
cept upon the ground of the money paid by the witness to
*Hoyt.*

Fourthly, *Seth Weed's* neglect to make an inventory was
proved, not for the purpose of raising a presumption from such
neglect, that the defendants had received assets ; but for the
simple purpose of shewing, that no inventory had been made.

2. That the charge was correct. It was the duty of the
defendants to have made an inventory ; and their neglect to do
it furnished a presumption that they had assets. *Lovelass* 37.
*Swinb.* 325 n. *Orr* v. *Kaines*, 2 *Ves.* 194. It is sufficient to
shew some property belonging to the estate in the hands of the
defendants, to throw upon them the duty of making an inven-
tory. *Walker* v. *Hall*, 1 *Pick.* 20. *The People* v. *Dunlap*,
13 *Johns. Rep.* 437. This was shewn, by *Chichester's* tes-
timony. As the defendants, thus situated, had neglected to
make an inventory, the jury had a right to presume they had
received enough to pay the whole legacy. The executors
are the only persons having the controul or custody of the es-
tate ; the only persons who can know its amount ; and if the
law be not as we claim, it would be impossible, in almost every
case, for a legatee to shew the receipt of assets sufficient to
warrant a recovery.

*Fairfield,*
June, 1828.

Knapp
*v.*
Hanford.

PETERS, J. 1. To entitle the plaintiff to a verdict, she must have proved, in addition to the facts admitted, that *Lucy Ann Weed* died possessed of property sufficient to pay the legacy in question, and that the same came to the hands of the defendants. To this end the testimony of *Henry Hoyt,* jr., *Benjamin Brush,* and *Nathan Olmsted* was admissible to prove the existence of such property during her coverture ; for if it did not then exist, it could not have been in her possession at the time of her death ; nor come to the hands of the defendants afterwards.

2. The testimony of *Nathan Chichester* was admissible, not only to prove the same facts, but also, that the property came to the hands of *Ralph Hoyt,* one of the defendants.

3. Proving property of the testatrix, in the hands of one of her joint executors, proves it in the hands of both : " For many executors to the same testator, are but as one man ;" (*Godolphin's Orph. Legacy,* 156.) and all the executors, by joining in the bond to the judge of probate, become jointly liable for the default of each. *Babcock* v. *Hubbard* & al. 2 *Conn. Rep.* 536. Co-executors, says the late Chief Justice, are regarded by the law as an individual person ; and of course, the acts of one regarding the administration of the estate, are deemed the acts of all ; a release of one is valid, and binds the rest. 2 *Dig.* 449. Of course, the receipt of property by one, makes the rest accountable.

4. If any property of the testatrix came to the hands of the defendants, as her executors, their omission to make and exhibit an inventory thereof, was evidence of assets sufficient to pay the legacy in question. These facts were properly submitted to the jury, and found by them. If the executor enters upon the testator's goods, without making an inventory, then the presumption of law will be against the executor, that he had goods sufficient, not only to pay the debts, but *all* the legacies also. *Godolph. O. L.* 151. If, says *Swinburne,* (*vol.* I. *p.* 325.) the executor enters to the testator's goods, and will make no inventory thereof, then may every legatee recover his whole legacy at his hands. In this case, the law presumeth, that there is sufficient goods to pay all the legacies, and the executor doth secretly and fraudulently subtract the same. *Orr* v. *Kaines,* 2 *Ves.* 194. *Shep. Touch.* 455. *Lovelass* 37. The same doctrine has been recognized in *Massachusetts,* where in an action on an administration bond, for not returning an inventory

or rendering an account, it was holden to be necessary to aver, that *some* property of the testator came to the hands of the executors.    *Walker* v. *Hall*, 1 *Pick.* 20.

I would not advise a new trial.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial not to be granted.