OVERTON, Plaintiff in Error, vs. WOODSON et al., ADMINIS-TRATORS OF OWENS, Defendants in Error.

1. Where two executors or administrators unite in one bond, they are jointly and severally liable, as principals, to indemnify the surety who has been subjected to the payment of money by the default of one of them.

*Error to Jackson Circuit Court.*

*Hicks*, for defendants in error. The bond being a joint one, each executor is bound for all the acts of his co-executor

in relation to the estate. 9 Vt. Rep. 80. 5 Pick. 96. 1 Swift's Dig. 449. The plaintiff in error was not relieved from responsibility by turning the assets over to his co-executor. 7 East, 246. 11 Vesey, 252, 333. 7 Vesey, 194. 1 P. Williams, 241, and note. 3 Bacon's Abridg. 32.

RYLAND, Judge, delivered the opinion of the court.

The defendants in error, plaintiffs below, commenced their suit in the Jackson Circuit Court, by assumpsit and attachment against the plaintiff in error, at the September term of said court, 1849. The plaintiff in error appeared at a subsequent term and filed his plea. Neither party requiring a jury, the cause was tried by the court, which found for the plaintiffs below, and assessed their damages at the sum of eleven hundred and fifty-six dollars and fifty-eight cents, and rendered judgment in their favor for that amount and costs. The plaintiff in error moved the court for a new trial; also moved in arrest of judgment, which motions being overruled, the plaintiff in error excepted, and brings the case here by writ of error.

From the record, the following facts appear, and were found by the court below, as the ground upon which its judgment was rendered: That Jesse Overton, by his last will and testament, appointed one John R. Swearingen and the plaintiff in error, executors of his said last will and testament; that after the death of the said Jesse Overton, the probate court of Jackson county granted letters testamentary to said Swearingen and plaintiff in error; that they entered into a joint bond, with Samuel C. Owens as one of their securities, on the 20th day of December, 1841, conditioned as the law requires; that plaintiff in error and Swearingen took joint possession of all property belonging to the estate of said testator, and made an inventory of the same, and caused the same to be sold; that the notes and bonds, for the purchase money, were made payable to said executors jointly; that all the business in relation to the administration of said estate, was transacted in the names of

plaintiff in error and said Swearingen ; that all the settlements with the probate court of Jackson county, were made in the joint names of plaintiff in error and said Swearingen, except one annual settlement, which appears to have been made by Swearingen alone ; that most of the money due said estate was collected by Swearingen ; that when plaintiff in error collected or had any money on hand, he handed the same over to Swearingen to be by him disbursed; that plaintiff in error had received of money belonging to the estate of said Jesse Overton, the testator, about the sum of $1,270 ; that he handed the same over to Swearingen ; that Swearingen kept the accounts and made the settlements with the probate court; that in January, 1848, said Swearingen resigned his said letters testamentary, and the probate court of Jackson county revoked the said letters testamentary of plaintiff in error ; that on the 6th day of January, 1848, upon a final settlement made by said Swearingen, in the name of himself and plaintiff in error, as such executors, before said probate court, it was ascertained by said court that said Swearingen and plaintiff in error were indebted to said estate of said testator in the sum of $949 96 12-100 ; that afterwards, George W. Buchanan was appointed by said court administrator *de bonis non* of said estate ; that Samuel C. Owens died in the early part of the year 1847, and that the defendants in error were appointed administrators of said Owens' estate, by the county court of Jackson county ; that said Buchanan, as such administrator, in the name of the state as aforesaid, instituted suit against defendants in error, as administrators of the estate of said Owens, on the said bond executed by said Swearingen and plaintiff in error, as such executors as principals, and said Owens as one of their securities, to recover the amount found to be due by plaintiff in error and said Swearingen, to the estate of Jesse Overton, upon their final settlement made as aforesaid ; that at the March term of the Jackson Circuit Court, 1849, said Buchanan, as such administrator, recovered judgment against defendants in error, as administrators of the

estate of said Owens, for the sum of $1,018 04, being the same money, with interest thereon, which was found to be due by plaintiff in error and Swearingen, upon their final settlement, to the estate of said Jesse Overton; that in April following, defendants in error paid said Buchanan the said judgment, the principal, interest and costs thereof, amounting to the sum of $1,156 58-100.

The plaintiff in error moved the following instructions :

1. That if they believe from the evidence, that defendant, as one of the executors of said Overton, deceased, collected money and paid the same into the hands of John R. Swearingen, his executor, that then they cannot find against said defendant for any such money so paid to the said Swearingen.

2. That they can only find a verdict against defendant for such moneys as came to his hands, as executor, or he was chargeable with by order of the county court, and which he failed to account for, as such executor.

3. That, before the court, sitting as a jury, could find for plaintiffs, they must believe from the evidence, that defendant received money as one of the executors of Jesse Overton, deceased, and that he failed to account for such money, or that he was chargeable with money or property by the county court which he failed to account for as such executor.

Which, by the court, were refused; and the opinion of the court, in refusing the same, was excepted to.

1. From these facts, the main question involves the construction of the bond of the executors; whether the two executors named in the bond are to be considered principals, and that each must be liable to save the securities from the misconduct of each one. This is an important question, and has obtained the full consideration of this court. It is the opinion of the court, that each executor bound in the bond, is principal, and must be held to indemnify the securities; that the law will not permit the securities to be placed as co-securities with each principal for the other principal, but looks to the liability of the principal first; and if, upon the mal-administration of

either one of the principals, the securities be compelled to pay money, such securities may resort to the other principal for the amount thus paid. In this case, the securities paid the money due by the executors upon final settlement, and then sued Overton, one of the executors, to be reimbursed for the amount so paid. Overton endeavors to prevent this recovery by setting up, in defence, that the amount of money for which the securities were sued, and which they were compelled to pay, was wasted by his co-executor, Swearingen; that he, Overton, never had any thing to do with the moneys of the estate of Jesse Overton. This is no legal defence. The executors, Overton and Swearingen, were the principals in the bond, and the securities in that bond might have looked to the responsibility of Overton alone, for their future indemnity. The other executor may not have been able to have obtained the necessary security alone. It will not, then, be just or proper to suffer Overton to escape from the liability of the improper acts of his co-executor, and throw the liability on his and his co-executor's securities in the bond. In regard to the securities in this bond, Overton is principal, and as such, must be liable for the whole sum, not for contribution.

In the case of *Babcock* v. *Hubbard*, 2 Conn. Rep. 536, it was held, that executors, who have given bond with security to the judge of probate for the faithful performance of their trust, are jointly liable, as principals, to indemnify the surety, who has been subjected for the fault of one to pay money. In this case, it was said by Gould, Judge: "But, it is urged that, as the defendant, Mrs. Hubbard, has been personally guilty of no misconduct or default, as executrix, she is not bound to indemnify the plaintiff. For, it is said that, when one executor is liable upon a probate bond, for the default of his co-executors, his liability is only that of a surety or guarantee, and that Mrs. Hubbard is, therefore, so far as regards the default of Stiles Phelps, but a co-surety with the plaintiff. If this were so, she would be bound, it is true, only to contribute a *proportion* of the amount which the plaintiff has been

compelled to pay, instead of being liable, as principal, to reimburse the whole. But the conclusion is incorrect; for, though the liability of each of the executors, as parties to the bond, may, as *between themselves*, resemble that of a surety for his principals, yet, as regards the plaintiff, who is, to every intent, a mere surety, they must clearly be considered as joint *principals*. For *principals* in an obligation, as distinguished from sureties, are those of the obligors, the performance of *whose duty* the obligation is given to secure. In this view of the subject, Mrs. Hubbard is to be regarded for the purpose of the present question, as one of several *joint debtors*, as against whom, in favor of a surety, the default of one is the default of all; as the request of one in procuring a surety is the request of all. There is, therefore, no foundation for the defence."

It is the opinion of this court, that the doctrine of this case of *Babcock* v. *Hubbard*, is most consonant to justice and law. One executor can watch over and guard the conduct of his co-executor. He, with the co-executor, has given the obligation to perform certain trusts and duties, and the sureties in the bond of the executors are bound for the faithful performance of these duties by them as executors. If executors are unwilling to unite in one bond, nothing prevents each executor giving his separate bond, with his own separate sureties; the conditions of which would be, the faithful performance of the duties of such executors; and then these sureties would be liable for the default of such executors alone, for whom they had become sureties.

Upon the whole of this case, then, as appears by the record, there was no error committed by the court below, in either refusing the instructions asked for by defendant below, and set forth in this opinion, or in refusing to sustain the motion in arrest and for new trial.

The judgment of the Circuit Court is, with the concurrence of the other judges, affirmed.