WILLIAM SPERB, Jr., as Administrator, etc., Respondent, *v.* HENRY T. McCOUN, Jr., Impleaded, etc., Appellant.

B., one of two co-administrators, who had united in giving a bond with sureties for the faithful execution of their duties, misappropriated a portion of the funds of the estate. His letters of administration were thereupon revoked upon petition of plaintiff, the other administrator. Plaintiff then commenced proceedings against B. for an accounting, which resulted in a decree directing B. to pay the sum so misappropriated. The decree was duly docketed, execution issued and returned unsatisfied. Upon petition of plaintiff the surrogate directed an assignment to him of the bond and gave him permission to bring suit thereon in behalf of the estate. In an action so brought, *held*, that the proceedings in Surrogate's Court were regular and valid; and that, assuming plaintiff, as one of the principals in the bond, would individually be bound to indemnify the sureties for any sum recovered, still he was

authorized in his representative capacity to maintain the action. (Code of Civil Pro. §§ 2605, 2606, 2607, 2609.)

*Nanz* v. *Oakley* (37 Hun, 492) distinguished.

(Argued October 9, 1888; decided October 26, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action upon an administrator's bond.

In July, 1883, Gilbert Dunspaugh died in Queens county intestate, and in November of the same year the plaintiff and one Burton T. Beach were appointed administrators of his estate. The administrators' bond, duly approved and filed, was executed by William Sperb, Jr., Burton T. Beach, Benjamin G. Mitchell and Henry T. McCoun, Jr., unto the People of the state of New York in the sum of $4,000, and was joint and several. The condition thereof was "that if the above bounden William Sperb, Jr., and Burton T. Beach shall faithfully execute the trust reposed in them as the administrators of all and singular the goods, chattels and credits of Gilbert Dunspaugh, late of the town of North Hempstead, in the county of Queens, deceased, intestate, and obey all lawful decrees and orders of the Surrogate's Court of the said county of Queens touching the administration of the estate committed to them, then the obligation to be void, else to remain in full force and effect."

Subsequently Beach, acting as administrator, misappropriated $1,332.66 of the estate funds and absconded from the state. On the 2d day of November, 1885, upon the petition of the plaintiff, his co-administrator, the surrogate of Queens county made an order revoking the letters of administration issued to Burton T. Beach. The plaintiff thereupon, as sole remaining administrator, began proceedings against Beach for an accounting, upon which it was found that Beach had received the sum above stated and had failed to. pay over the same, and on January 28, 1886, the surrogate made a decree directing Beach

to pay to the plaintiff, as sole remaining administrator, the money so received by him, to wit, the sum of $1,332.66 and $101.50, costs and disbursements. This decree was duly docketed in the proper counties and executions were issued to those counties and returned unsatisfied. On June 10, 1886, upon a petition by the plaintiff, as sole remaining administrator, showing the foregoing facts and that the amount decreed to be paid was still wholly unpaid, the surrogate made a decree "that the bond given by the said Burton T. Beach, as principal, with Henry T. McCoun, Jr., and Benjamin G. Mitchell, as sureties, upon the appointment of the said Burton T. Beach, as administrator, etc., be, and the same hereby is, assigned to the said William Sperb, Jr., as administrator, etc., and that he be, and hereby is, permitted to maintain in behalf of the said estate and the persons interested therein, an action thereon to recover the said amount of $1,434.16 duly decreed to be paid to him by the said Burton T. Beach."

Thereupon the plaintiff began this action. The defendant answered admitting the decease of the intestate, the giving of the bond and the appointment of the administrators as alleged in the complaint, and he alleged that he had no knowledge of the other facts set forth. The cause came on to be tried at a circuit, and all the facts alleged in the complaint were proved and no exception was taken to the evidence. When the plaintiff rested the defendant moved to dismiss the complaint on four grounds, as follows: (1.) "The plaintiff has not proved a cause of action against the defendant McCoun. (2.) The plaintiff has sued both the defendants, Mitchell and McCoun, and it appears that the defendant Mitchell has not been served with process and does not appear in the action. (3.) The plaintiff himself, a party to the bond, is suing to collect from another party to the same bond. (4.) The plaintiff is a principal on the bond and cannot sue defendant on it, who is his surety thereon." The motion was denied and defendant excepted. No evidence was given by the defendant, and thereupon the plaintiff moved for judgment, which motion was granted, and the jury were directed to find for

the plaintiff the sum claimed, to which direction the defendant excepted.

*L. H. Arnold, Jr.*, for appellant.   Section 2609 of the Code of Civil Procedure provides for the maintaining of an action on the bond of an executor or administrator whose letters have been revoked and the estate left unrepresented.   (Code Civil Pro. § 2514, sub. 11, §§ 2605, 2607, 2608; 2 Bouv. L. Dict. 557; *Boyle* v. *St. John*, 28 Hun, 454.)   The respondent cannot rightly claim that he comes before the court in a representative capacity.   His right attitude is that of an individual; no matter how he describes himself in his complaint, the court will look into the facts of the case and in actions upon contracts made by him will treat such contracts as individual obligations.   (*Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Schmittler* v. *Simon*, 101 id. 554.)   A cause of action cannot exist in the principal against his surety.   They are necessarily, by their plain obligation, arrayed on the same side of every controversy based upon a breach of the condition of the bond. (*Manz* v. *Oakley*, 37 Hun, 495.)   If the appellant is compelled to pay the judgment in this case, he can at once recover from the respondent the amount he is thus compelled to pay. (*Moore* v. *State*, 49 Ind. 558; *Brague* v. *Clark*, 5 Pick. 96; *Babcock* v. *Hubbard*, 2 Conn. 536.)   When the circumstances of the litigating parties are such that, on changing the relative position of plaintiff and defendant, the recovery of each would be equal in amount, the law will consider one claim as extinguishing the other.   (Broom's Maxims [5th Am. ed.] m. 309.)

*William Henry Arnoux* for respondent.   As the facts alleged in the complaint were admitted or duly proved, there was no error in the refusal of the court below to dismiss the complaint upon the ground that plaintiff had not proved facts sufficient to constitute a cause of action.   (*Breslin* v. *Smyth*, 3 Denio, 251; *Scofield* v. *Churchill*, 72 N. Y. 565; *Thayer* v. *Clark*, 4 Abb. Ct. App. Dec. 391; 48 Barb. 243; *Hood* v. *Hood*, 85 N. Y. 578; *Casoni* v. *Jerome*, 58 id. 315; *Dodge*

v. *St. John*, 96 id. 260 ; *Haight* v. *Brisbin*, 7 Civ. Pro. R. — ; *Cridler* v. *Curry*, 44 How. 345 ; *People* v. *Barnes*, 12 Wend. 492 ; *Rowe* v. *Parsons*, 6 Hun, 342 ; *Baggott* v. *Boulger*, 2 Duer, 160 ; *Field* v. *Van Cott*, 9 Law Jour. 192.) As the bond was joint and several, plaintiff had a right to proceed against one obligor and omit the other. (Code of Civil Pro. § 454 ; *Field* v. *Van Cott*, 15 Abb. [N. S.] 349.) This action lies and is properly maintainable, as brought, under the Code of Civil Procedure (§§ 2605, 2607.) The default of either principal creates a breach in the bond and a liability of the sureties. (*People* v. *Downing*, 4 Sandf. 189 ; *Brewster* v. *Balch*, 41 N. Y. Sup. Ct 63, 69 ; *Scofield* v. *Adriance*, 1 Dem. 196.) The estate is entitled to a judgment for the whole default, and the court properly granted the motion for judgment made by plaintiff. (*Boyle* v. *St. John*, 28 Hun, 454.) The plaintiff in this action is not, as such plaintiff, the same person in law as the person who executed the bond, and a claim against the individual cannot be offset or counter-claimed against the representative. (*People* v. *Downing*, 4 Sandf. 189 ; Code of Civil Pro. § 502, sub. 3.) As the remaining administrator himself had been guilty of negligence, he was personally liable to the estate for the amount lost. (*Earle* v. *Earle*, 93 N. Y. 104.)

EARL, J. It is not questioned that the surrogate had power to revoke the letters of administration issued to Beach, and we are of opinion that the other proceedings in the Surrogate's Court were regular and valid. Under sections 2603 and 2606 of the Code, the surrogate had authority, upon the petition of the plaintiff, as surviving administrator, to compel Beach to account for and deliver over the funds of the estate which he had received to the plaintiff. The decree for the payment and delivery of the fund to him having been made, and executions upon the decree having been returned unsatisfied, he was authorized by section 2607 of the Code to maintain an action upon the official bond to recover the sum thus

decreed to be paid to him. If necessary for the maintenance of this action, we think the provisions of section 2609 could also be invoked in his favor. Within the meaning of that section he, in his representative capacity, is a person aggrieved, and, upon that theory, could maintain this action.

We do not deem it important now to determine the precise relation which the plaintiff individually, as one of the principals in the bond, bears to the sureties in reference to the default of Beach. We will assume, as most favorable to the appellant, what has apparently been decided in some cases, that he, as one of the principals, will be bound to indemnify the appellant for any sum which may be recovered against him on account of the default of Beach (*Babcock* v. *Hubbard*, 2 Conn. 536; *Brazier* v. *Clark*, 5 Pick. 96; *Overton* v. *Woodson*, 17 Mo. 453); and yet we are of opinion that, as administrator representing the estate, he can maintain this action. As against the plaintiff, suing in his representative capacity, the defendant cannot set up as a bar to the action any counter-claim or defense which he has against him as an individual. As surety the defendant is bound to answer for the default of Beach, so that the money misappropriated may be made good to the estate; and after he has paid as surety he may take his remedy, if he has any, against the plaintiff, individually, as one of his principals for indemnity. In this way the estate will be protected by the bond, and the defendant, as surety, will have all the indemnity which the law gives him. And so it was held in *Boyle* v. *St. John* (28 Hun, 454.)

The case of *Nanz* v. *Oakley* (37 Hun, 495), is not in conflict with the case of *Boyle* v. *St. John*. In that case the decree of the surrogate directed the defaulting co-administrator to pay money misappropriated by him to the administrator of his co-administrator, and that administrator assigned the claim to the plaintiff in the action; and there it was held that the action was, in effect, one brought by a principal against his own surety to recover damages for the wrongful act of his co-principal, and that the action could not be maintained. The case was as if this plaintiff had instituted this

action as an individual to whom the defaulting administrator had been ordered to make payment as the party aggrieved; and, as we have stated, if the action had been of that character it could not have been maintained.

We, therefore, see no reason to doubt that this case was properly disposed of in the courts below, and that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.