HENRY T. McCOUN, JR., APPELLANT, *v.* WILLIAM SPERB, JR., RESPONDENT, IMPLEADED WITH OTHERS.

*Administrators' bond — surety upon — right to compel an honest administrator to make good the loss caused by the dishonesty of his co-administrator.*

The surety upon a bond given by two administrators can call upon either principal for indemnity, although this may have the effect of rendering one administrator liable for the torts of his co-administrator.
*Nanz* v. *Oakley* (37 Hun, 495) followed.

APPEAL by the plaintiff from a judgment rendered at the Orange County Circuit, upon a decision by the court without a jury, and entered in the office of the clerk of that county on the 15th day of February, 1889, dismissing the plaintiff's complaint upon the merits.

The action was brought by the surety, Henry T. McCoun, Jr., upon an administrator's bond given by the defendants, as adminis-

trators of the goods, chattels and credits of Gilbert Dunspaugh, deceased, to recover an amount which the surety had been obliged to pay, in an action brought against him and his co-surety, because of the failure of one of the administrators to pay over, out of the assets of the estate in his hands, the sum which he had been directed to pay by the surrogate of the county of Queens, in whose county said letters of administration had been issued.

*Arnold & Greene,* for the appellant.

*William H. Arnoux* and *Edward Marshall Grout,* for the respondent.

PRATT, J.:

The case of *Nanz* v. *Oakley* (37 Hun, 495) is a distinct authority for the plaintiff in this action. The Court of Appeals, in *Sperb* v. *McCoun* (110 N. Y., 605), call attention to the fact that *Nanz* v. *Oakley* was, in effect, prosecuted for the individual benefit of the administrator, who was the only heir-at-law and next of kin, and appear to approve the decision upon that ground. They certainly express no disapproval of the result arrived at by the Supreme Court, and we cannot well believe, as is stated in respondent's points, that, on the publication of the decision of the Court of Appeals in *Sperb* v. *McCoun,* Nanz abandoned his appeal.

The authorities cited from other States seem to concur to the effect that the surety on an administration bond can call upon either principal for indemnity. And, in view of the implied approval by the Court of Appeals of *Nanz* v. *Oakley,* as distinguished and limited by them, we are of opinion that we must be bound by its authority. This leads to a reversal of the judgment appealed from.

We clearly see that, in effect, this renders an administrator liable for the torts of his co-administrator. But we do not see how this result can be avoided unless the legislature intervenes, as has been done in Massachusetts, and permits separate bonds to be filed by the administrators.

The judgment is reversed, new trial ordered, costs to abide event.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed, new trial ordered, costs to abide event.