In the Matter of the Estate of Virginia Booker, Deceased.

Surrogate's Court, New York County, June 28, 1949.

*Milton J. Meltzer* for Joseph P. Booker, petitioner.

*Leo. T. Kissam* (*John P. Boland* of counsel), for National Surety Corporation, respondent.

COLLINS, S. This is an application pursuant to section 115-a of the Surrogate's Court Act to fix and determine the liability of the surety on three bonds executed for the purpose of protecting the estate against loss arising out of the conduct of coadministrators. An earlier proceeding for the settlement of the account of one of the two then acting fiduciaries resulted in a decree imposing a surcharge against her in the sum of $3,493.86, with costs of $288.20. The cofiduciary, the petitioner here, appeared in that proceeding and interposed objections in his capacity as sole distributee but he neither adopted the account filed nor did he file separate schedules covering his own administration of the estate.

Execution issued against the surcharged administratrix has been returned unsatisfied, a circumstance establishing a foundation for the institution of the present proceeding. In its answer to the petition the surety resists the imposition of liability on the bonds for the reasons, first, that the petitioner as cofiduciary participated in and contributed to the devastavit resulting in the loss to the estate and, second, that his agreement to indemnify the respondent against loss now bars the petitioner from recovery on the bonds. The reply to this answer asserts two grounds of defense: (a) that the decree surcharging the coadministratrix is *res judicata* on the question of petitioner's participation in the devastavit and establishes his freedom from responsibility therefor and (b) that his agreement to indemnify the surety is not binding because of his want of understanding at the time of its execution, a fact of which the respondent was allegedly aware.

In a reply brief filed by the petitioner he specifically withdrew the second of the defenses described, that having to do with the invalidity of the indemnity agreement arising out of the indemnitor's alleged want of understanding. He argues however, that his only obligation to the surety under the agreement was to protect it against any loss it might suffer as a result of his own wrongdoing and that for the acts of his

cofiduciary the surety remains liable to him both in his individual and representative capacity. The issue thus posed is plainly one of law whose outcome depends solely upon the interpretation of this agreement and unless a proper construction of the contract will support the conclusion urged by the petitioner in respect of it, further inquiry is foreclosed.

The obligation of the indemnitor to hold the surety harmless is expressed in the following text taken from the agreement.

" Now Therefore, in consideration of the execution or procurement of the execution of such bond and the sum of One Dollar paid to the Indemnitor by the Corporation, the Indemnitor covenants and agrees with the Corporation as follows: Where the undersigned includes more than one person the term Indemnitor shall include the plural and the obligation of the undersigned hereunder shall be joint and several. ⁕ ⁕ ⁕

" 5. The Indemnitor will, at all times, indemnify and keep indemnified the Corporation and save it harmless from and against all claims, demands, liabilities, costs, charges and expenses of every kind and nature which it shall at any time sustain or incur and as well from all orders and decrees against the Corporation by reason or in consequence of having executed said bond, and will pay over, reimburse, and make good to the Corporation, its successors and assigns, all sums and amounts of money to meet every claim, demand, liability, cost, charge, expense, suit order or decree against the Corporation by reason of the execution of the bond applied for ⁕ ⁕ ⁕."

In terms the petitioner undertook to protect the surety against any loss it might sustain " by reason of the execution of the bond applied for ". The surety's liability which attached when the surcharge against the coadministratrix was imposed manifestly arose out of its execution of the bond. Consequently if the surety is called upon to bear the loss which the estate suffered it can in turn look to the petitioner for indemnity. (*Sperb* v. *McCoun,* 110 N. Y. 605.) In this situation, however, the estate, regarded as an entity, and the petitioner as the only person interested therein are indistinguishable (*Blood* v. *Kane,* 130 N. Y. 514). The court, therefore, under the authority the statute confers to direct " payment to the successor fiduciary or other person interested, as justice may require " (Surrogate's Ct. Act, § 115-a) would be required to offset against any payment it might direct to be made to the petitioner a like amount as the measure of his liability to the surety under the agreement. For the reasons stated the application is denied.

Submit decree on notice.