CHARLES SULLIVAN, Appellant, *against* JOSEPH PRESDEE, Respondent.

(Decided April 4th, 1881.)

The effect of the provisions of sections 3210, 3211 of the Code of Civil Procedure, and of the repealing act of 1880 (L. 1880, c. 245), is that the cases in which a warrant of attachment may be granted in district courts in the city of New York are prescribed by article 4 of title 2 of chapter 19 of the Code, but the method of applying for a warrant, and the duties of the justice and the clerk respectively in regard to granting the attachment, are regulated by the district court act of 1857 (L. 1857, c. 344).

Upon issuing a warrant of attachment from a district court in the city of New York, the justice should indorse his allowance of the attachment upon the warrant, and the clerk should then subscribe his name to the body of the warrant. The signing of the warrant by the justice instead of the clerk is an irregularity.

Under the requirement of the Code of Civil Procedure (§§ 2907, 3210), that warrants of attachment in district courts in the city of New York shall be returnable in not less than six days before the return day of the summons, and of L. 1862, c. 484, § 13, which is still in force, and provides that where a defendant in an action in such a court is not a resident of the city of New York, the summons shall be returnable in not less than two nor more than four days, no valid warrant of attachment can be issued in an action in a district court against a non-resident of the city of New York.

APPEAL from a judgment of the district court in the city of New York for the first judicial district, vacating an attachment and dismissing the action.

The action was commenced by a "long summons," and a warrant of attachment was granted against the property of the defendant. Before interposing an answer, the defendant objected that it appeared upon the plaintiff's papers that the defendant was a non-resident of the city of New York, and, that fact being conceded, the justice vacated the attachment and dismissed the action. From this decision the plaintiff appealed to this court.

Sullivan *v.* Presdee.

*E. P. Wilder,* for appellant.

*F. Solinger,* for respondent.

VAN HOESEN, J.—The repealing act (chapter 417) of 1877 repeals sections 1 and 2 of chapter 484 of the Laws of 1862. The two sections repealed simply prohibited persons not attorneys at law from practicing as attorneys in the district courts. The repealing act of 1880 (chapter 245, Laws of 1880) repealed sections 3, 10, 15, 51 and 76 of chapter 344 of the Laws of 1857, commonly known as the district court act, and so much of chapter 484 of the Laws of 1862 as applied to the marine court. The remaining parts of the district court act of 1857, and the act amendatory thereof, known as chapter 484 of the Laws of 1862, have not been expressly repealed, but continue in force unless they have been repealed by implication. That there may be no doubt upon this subject, subdivision 7 of section 3 of the repealing act of 1880 declares that that act shall not affect any provision of the existing laws relating to the district courts, or the proceedings therein, except so far as the subject thereof is expressly regulated or provided for in the Code of Civil Procedure.

Turning to the Code of Civil Procedure, we find that by section 3210, articles 3, 4 and 5 of title 2, chapter 19 of that code are, subject to certain qualifications specified in section 3211, made applicable to the district courts of the city of New York.

Of the three articles, 3, 4 and 5, we find that article 3 relates to orders of arrest; article 4 to warrants of attachment; and article 5 to requisitions in replevin. The practice of the district courts in relation to arrests, attachments and replevin, is the same, therefore, as in justices' courts, except as it is modified by section 3211.

Section 3211 provides that existing statutes remaining unrepealed, and which are specially applicable to district courts, shall, as far as they prescribe the duties of justices and clerks, and the method of transacting business, govern the manner of applying for, granting and executing warrants of attachment,

orders of arrest and requisitions to replevy, and the proceedings thereupon.

From these provisions of the code, it follows that in district courts, as in justices' courts, article 4 prescribes the cases in which an attachment may be granted. The method of applying for a warrant, and the duties which fall upon the justice and the clerk respectively with respect to the granting of the attachment, remain the same as they were under the district court act of 1857, which is a statute specially applicable to district courts, and which has never been repealed. Turning to article 4, we find, by section 2906, that in order to entitle the plaintiff to an attachment he must show by affidavit that he is entitled to recover a sum stated therein, "over and above all counter-claims known to him." In the case before us, the affidavit states that the plaintiff demanded $250 "over and above all discounts, setoffs and counter-claims known to him." It was not necessary for the affiant to state more than is required by section 2906 ; and after averring that the plaintiff was entitled to recover a specified sum "over and above all counter-claims known to him," it was superogatory to add the words "discounts and setoffs." The plaintiff's affidavit was not defective.

The warrant of attachment should have been signed by the clerk, and the allowance of the warrant should have been indorsed upon the warrant by the justice with his own hand. The application for the warrant must necessarily be made to the justice himself. If the affidavit presented to him be sufficient, he should indorse his allowance of the attachment upon the warrant, and the clerk should then subscribe his name to the body of the warrant. Section 3214 expressly retains that portion of the former practice which regulated the duties of justices and clerks, and the manner of applying for, granting and executing a warrant of attachment, though an attachment can no longer be granted under the revised statutes or under the non-imprisonment act. The signing of the attachment by the justice instead of the clerk was nothing more than an irregularity, but objection to it was seasonably made. Whilst it would have been perfectly proper for the justice to cause the irregularity to be corrected, no application for such correction

appears to have been made, so that we are not called upon to review the exercise of the justice's discretion in refusing to allow the irregularity to be cured.

The principal difficulty in the case arises from the confusion into which the practice has been thrown by the vain attempt of the codifier to preserve the short summons in district courts, and at the same time to make an attachment returnable in not less than six days before the return day of the summons. Section 13, chapter 484, Laws of 1862, is still in force; and it provides that where a defendant is not a resident of the city of New York, the summons shall be returnable in not less than two nor more than four days from its date. Manifestly, it is impossible, under these provisions of law, for the plaintiff to obtain a valid warrant of attachment where the defendant is a non-resident of the city of New York. The summons must be returned in not more than four days from its date, and the attachment cannot be returned in less than six days before the return day of the summons. It is not for the courts to attempt by judicial legislation to make a system of justice for the district courts by nullifying some of the provisions of the statutes and twisting others till their framers would never know them. Embarrassed by these conflicting provisions of law, the plaintiff attempted to evade the difficulty by obtaining a long summons, instead of a short one. The defendant took the objection in time that the papers disclosed that he was a non-resident of the city of New York. That fact was conceded, and the justice thereupon dismissed the action, holding that a non-resident defendant could not be sued by long summons. In this view there was no error. The plaintiff contends that the defendant may have had a place of business in the city of New York, so that he was not be regarded as a non-resident within the meaning of section 23 of chapter 484 of the Laws of 1862. If the defendant had a place of business in the city of New York that fact was not brought to the attention of the court below. What the decision might have been, if it had appeared that a long summons was properly issued, we have no means of knowing. But, upon the conceded facts, as they were presented to the justice, as the objection was taken in time, and

before an answer had been interposed, he properly held that a long summons conferred no jurisdiction upon the court, if served upon a non-resident of the city.

The judgment vacating the attachment and dismissing the action should be affirmed, with costs.

CHARLES P. DALY, Ch. J.—I concur. It is not in our power to remedy the condition in which the law now is by the existing statutory enactment that a non-resident must be sued in a district court by a short summons, returnable in not less than two nor more than four days; and the provision of the new Code, in respect to these courts, that an attachment must be returnable not less than six days before the return day of the summons. I agree, therefore, that the judgment should be affirmed.

J. F. DALY, J., concurred.

Judgment affirmed, with costs.