# N. Y. COMMON PLEAS.

PETER LANG and others, respondents, agt. ISAACS MARKS, appellant.

*Attachment — Appeal — District courts — Manner of granting attachments in district courts — Upon appeal to common pleas from a district court judgment all proceedings before the justice may be reviewed — Code of Civil Procedure, sections 2917, 3211.*

Under the new Code, as before, the decision of a district court justice upon motion to vacate an attachment which had been previously issued in the action may be reviewed on appeal.

The Code has made no change in the manner of granting an attachment in a district court, and the attachment must be allowed by the justice and signed by the clerk.

*General Term, May,* 1883.

*Aaron Levy,* for defendant, appellant.

*Mr. Lindsay,* for plaintiff, respondent.

VAN BRUNT, *J.* — The main question which it is necessary to decide in disposing of this appeal seems to be this : Upon an appeal to this court from a district court in the city of New York, can this court review the decision of the justice denying a motion to vacate an attachment issued · against property which had been previously issued in the action ? Unless it can, then no matter how erroneous the proceeding of a justice may have been in the issuing or sustaining an attachment the defendant is wholly without remedy. Under the practice prior to the new Code it was well settled that upon an appeal from a judgment the proceedings of an attachment so issued could be reviewed upon an appeal from the judgment.

It is urged, and there is great force in the suggestion, that under the practice before the new Code, where an attachment

was issued, it was the process by which the action was commenced and, therefore, properly came before the appellate. court as part of the record showing how the court acquired jurisdiction, but that under the new Code the court does not acquire jurisdiction by the attachment but by the service of the summons; and even though the attachment be vacated the court may proceed to judgment in case of a general appearance of the defendant, or a personal service of a summons upon him (*sec.* 2917), thus making the attachment simply a provisional remedy as in courts of record. ·But when we consider that section 3211 of the new Code especially provides that no change in the manner of applying for, granting and executing a warrant of attachment, and the proceedings thereupon is intended to be made, unless the statute under which those proceedings are regulated is expressly repealed, it is clear that no change whatever in any respect was made in the old statute, except that an action must always be commenced by summons. Under the practice existing at the time of the adoption of the Code, under the then existing statutes the proceedings upon attachment could be reviewed upon appeal, and the language above shows a manifest intent not to disturb the practice in any respect by implication.

It would appear, therefore, that on appeal from the judgment all the proceedings before the justice are brought up as before. The objection· that the attachment was not allowed by the justice and signed by the clerk seems to be fatal. The attachment is signed by the justice as if it was issued under the Code, but as the Code has made no change in the manner of granting an attachment it should have· been allowed by the justice and signed by the clerk.

Judgment must be reversed.