Van Hoesen, J.
— Section 3210 of the Code provides that article 3 of title 2 of chapter 19 shall apply to the district courts, except as otherwise provided in section 3211. Article 3 relates to arrests in actions in justices’ courts, and embraces all sections from 2894 to 2904, both included. Section 3211 then provides that article 3 shall not apply to arrests in actions in district courts. Here we have two sections, one providing that article 3 shall apply, and the other that it shall not. Surely the attention of the legislature should be called to these conflicting provisions. Section 3210 also provides that article 4 of title 2 of chapter 19 shall apply to the district courts, except as otherwise provided in section 3211. Article 4 relates to attachments in justices’ courts, and embraces all sections from 2905 to 2918, both included. Section 3211 provides that the manner of applying for, of granting and of executing an attachment and the proceedings thereupon and with respect thereto, as prescribed by article 4, title 2, chapter 19, sections 2905-2918, shall be subject to what ? To those unrepealed statutes specially applicable to district courts that prescribe the duties of justices and of clerks, and that regulate “ the- mode of transacting business ” in an action in the district courts. I have refrained from commenting on a ludicrous blunder in grammar to be found in the last clause of the section.
Everyone can see that the language of section 3211 is ill chosen and obscure, and it is not easy, therefore, to ascertain the meaning of the codifier. In his note to that section, Mr. Throop says that he intended “ to abolish a warrant of arrest and an attachment as process for the commencement of an action, and to substitute the appropriate provisional remedies therefor, as provided in chapter 19.” With respect to orders *449 of arrest, Mr. Throop has succeeded in frustrating his own intention, for, as I have already said, section 3211 provides expressly that chapter 19 shall not apply to orders of arrest in district courts. With respect to warrants of attachment he has, I believe, in a measure succeeded in carrying out his purpose. As was said in Sullivan agt. Presbee (9 Daly, 552), article 4, title 2, chapter 19 prescribes the cases in which an attachment may be granted, but the method of applying for a warrant and the duties that fall upon the justice and the clerk respectively remain the same as they were under the district court act of 1857, which is a statute specially applicable to district courts, and which has never been repealed.
The proceedings incident to the application for the granting and the execution of the warrant of attachment, and the duties of the justice and the clerk with respect to those proceedings, are now the same as are prescribed by the district court act; but if we wish to ascertain when and for what causes an attachment may be granted, for what reason it may be dissolved, and what effect upon the action will be produced by the vacating of the attachment, we must look to article 4. Section 2917 expressly declares that “ vacating the attachment does not affect the jurisdiction of the justice to hear and determine the action where the defendant has appeared generally in the action, or where the summons was personally served upon him, or where he is indebted jointly with another defendant who has appeared, or been personally served.” In short, the attachment is now only a provisional remedy, and an error of the justice in regard to such a remedy ought not to cause the reversal of the judgment, if the action were properly decided upon its merits.
In the case of Lang agt. Marks (65 How. Pr., 127), the court said that the Code of Civil Procedure had made “no change whatever in any respect in the district court act, except to require that an action should always be commenced by summons.” It is evident that when the decision in Lang agt. Marks was made, the attention of the court had not been called *450 to the ease of Sullivan agt. Presbee (9 Daly, 552). The court, in Sullivan agt. Presbee, had examined the sections that were under consideration in Lang agt Marks, and had held that section 3211 did no more than prescribe the manner of suing out and executing a warrant of attachment. As part of the manner of granting an attachment, it provided that the justice and the clerk should each continue to write his name on the warran t in the place and in the way that the district court act had prescribed. These formalities it may have been of small consequence to preserve, but that was not the affair of the courts; the legislature had seen fit to adopt the confused language of the codifier and the duty was devolved upon the court of construing it. But in everything, save regulating the manner of issuing and executing warrants of attachments, the sections of article 4, title 2, chapter 19, were to apply. Indeed, in Lang agt. Marks, the court holds that section 2917 does apply. If that be conceded the error in the decision of Lang agt. Marks is manifest, for there can be no doubt that the section last named does radically and entirely change the practice that prevailed under the district court act. Under that act the setting aside of the attachment necessitated the dismissal of the action. The attachment was original process, and if that were set aside the suit fell with it, for the defendant could not be held to answer a process that had been annuled and held for naught. In Lang agt. Marks the court said, that because the manner of obtaining and executing the warrant was preserved it followed necessarily that the effect of vacating the warrant must be the same as it had been under the district court act. This did not follow. Section 2917 expressly provides against such a result, and declares that, notwithstanding the dissolving of the attachment, the justice shall proceed to try the issues and to render judgment. On the ground that Lang agt. Marks overlooked the decision of this court in Sullivan agt. Presbee, as well as on the ground that it was erroneously decided, we cannot regard it as an authority to be followed. ■
If, under section 2917, the warrant is only a provisional *451 remedy, the disposition of which does not involve the merits of the action or the process by which the defendant is brought to the court, it cannot be said that the judgment is erroneous, though the justice may have erred in upholding the attachment. If there were no error in the judgment in the district court, there can be no error in the judgment when it is brought into the appellate court for review. We find no error in the judgment, for the defendant in his answer-admits that he owes the claim upon which the suit was brought. The judgment must, therefore, be affirmed.
It may be asked, what remedy has the party aggrieved if a district court errs in upholding or in vacating a provisional remedy ? At present there is no remedy; there is a casus omissus. Just as the legislature, in 1882, found it necessary to amend section 3191 of the Code so as to provide for a review by this court of orders of the marine court that “ granted, refused, continued or modified a provisional remedy,” so now it is indispensable that there should be further legislation if there is to be an appeal from the orders of the district courts with respect to provisional remedies. As, prior to the Code of Civil Procedure, there was no such thing as a provisional remedy in a district court, it is easy to see why no provision has been made for an appeal in such a case as this.
We cannot disturb the action of the district court m refusing to set aside the attachment.