charge, hall and chamber service, ice water, water for all the plumbing fixtures, steam heat to warm the halls and apartments during the cold season," and the descriptive book which the defendant testified was shown him by the plaintiff's agent before the hiring, and which he offered in evidence, refers to a restaurant on the first floor, with service a la carte and table d'hote. The building was therefore at the outset equipped with hotel accommodations. It does not appear that the restaurant service was open to the general public. But suppose the management entertained guests in the restaurant other than those living in the apartments, would this constitute a breach of the implied covenant of quiet enjoyment? The defendant has the undoubted right to a preference to living in a house exclusively devoted to apartments, and the propriety of such a preference is manifest; but it seems to me, if he intended to have his tenancy conditional upon such an exclusive occupancy of the building, he should not have executed the lease unless it contained a clause safeguarding his rights in that respect, and clearly expressing the agreement in that behalf between the parties.

In the absence of such an agreement and of any proof tending to show that defendant's enjoyment of the premises were in any manner interfered with by the landlord, excepting, perhaps, that a proper fastidiousness of the defendant was thereby affected, it cannot successfully be urged that the facts established constitute, within the contemplation of the parties, a constructive eviction, which justified the tenant in abandoning the premises, and defeating a recovery for rent for the unexpired term.

It is not pleaded nor alleged that the defendant was induced to make the lease through fraud, and it seems to me that no defense valid in law was established that the rulings of the court were erroneous, and the verdict of the jury in defendant's favor unfounded.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(49 Misc. Rep. 636)

### DELAMANARUS v. CHUCLOS et al.

(Supreme Court, Appellate Term. February 27, 1906.)

1. APPEAL—REVIEW OF ORDER IN ATTACHMENT.

Error of a justice of the Municipal Court in refusing to vacate a warrant of attachment was not ground for reversal of a judgment against the defendant subsequently rendered in the action.

2. SAME.

Neither the provisions for appeals from orders (Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253-257) nor from judgments (Id. p. 1578, § 310) cover orders in attachment proceedings.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 661-664.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nicholas Delamanarus against Heralambos, Traparis,

and Constantine Chuclos. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Maurice L. Rippe, for appellants.

GIEGERICH, J. In this case the defendants have appealed from the judgment for the sole purpose of bringing up for review an order denying a motion to vacate the attachment which the plaintiff had obtained from a justice of the Municipal Court against their property.

The precise question here presented arose in Rosenthal v. Grouse, 12 Daly, 529, and in Schnauffer v. Catterbury, 16 Daly, 358, 10 N. Y. Supp. 543, where it was held that a warrant of attachment was merely a provisional remedy, not involving the merits of the action, nor the validity of the process by which the defendant was brought into court, and that error of the justice in refusing to vacate it was not ground for reversal of a judgment against the defendant subsequently rendered in the action. The court in the case first cited points out that, if there was no error in the judgment in the court below, there can be no error in the judgment when it is brought into the appellate court for review. No provision of the Municipal Court act is cited, nor can I find any, which authorizes this court to review upon appeal an order of the character in question. Neither the provisions for appeals from orders (Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253-257) nor from judgments (Id. p. 1578, § 310) cover orders in attachment proceedings. The cases above cited are therefore decisive of the questions involved, and, as no error in the judgment is claimed, it must be affirmed.

The judgment must therefore be affirmed, with costs. All concur.