Clark *v.* Story.

[Chenango General Term, May 10, 1859. *Mason, Balcom* and *Campbell,* Justices.]

———————•••———————

CLARK *vs.* STORY.

29b 295
27ap611

The code, in prohibiting the bringing of an action in the same county, upon a justice's judgment, within five years after its rendition, does not prevent the use of such a judgment as a defense, set-off, or counter-claim ; especially by an *assignee* thereof.

THIS action was tried by a jury in a justice's court, where a verdict was found in favor of the defendant ; upon which the justice rendered judgment against the plaintiff for $1.36 costs. The Otsego county court affirmed the judgment, and the plaintiff appealed from the judgment of that court to this court.

Clark *v.* Story.

*James E. Dewey,* for the plaintiff.

*Dewitt C. Bates,* for the defendant.

·*By the Court,* BALCOM, J.   This action was brought upon an account, which the plaintiff purchased of one Myers.   But in the view I have taken of the case, it is unnecessary to determine whether the account was proved so as to authorize the jury to find a verdict thereon in favor of the plaintiff.

The defendant purchased a judgment of one Basler, that he had recovered against Myers before a justice of the peace; and he introduced it in evidence on the trial of this action, as a defense, or set-off or counter-claim.   The plaintiff objected to its introduction, and insisted that it was inadmissible, for several reasons.   But it was properly admitted, unless the fact that five years had not elapsed, after its rendition, at the time of the trial, prevented the defendant from thus using it. It is provided by section 71 of the code, that no *action* shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, *between the same parties,* without leave of the court for good cause shown, on notice to the adverse party; and no action on a judgment rendered by a justice of the peace shall be brought in the same county within five years after its rendition, except upon the happening of one of several events specified therein, not shown in this case to have transpired.   I am of opinion the judgment against Myers was properly admitted in evidence, for two reasons: first, the code only prohibits *actions* on justice's judgments within five years after their rendition, and does not prevent parties thereto from using them as defenses, or off-sets or counter-claims *in* actions; secondly, if using the judgment, as the defendant used it on the trial, was equivalent to bringing an action upon it, still such use of it was not prohibited by the code, because the defendant was not a *party* to it, but only the assignee thereof.   (*Tufts* v. *Braisted,* 4 *Duer,* 607.   12 *How. Pr. R.* 537.)

The judgment was larger than the account, and was rightfully used to extinguish it. The jury, therefore, did right in finding a verdict for the defendant. The judgment of the county court should be affirmed, with costs.

Decision accordingly.

[CHENANGO GENERAL TERM, May 10, 1859. *Mason, Balcom* and *Campbell,* Justices.]