Smith v. Britton.

---

SMITH, administrator, etc., v. BRITTON, appellant.

2 T&C498
40 Mis¹ 95

*Action by administrator, upon a judgment — leave of court to sue — Answer after demurrer.*

An action brought by an administrator upon a judgment recovered by his intestate, is not "between the same parties," within the meaning of section 71 of the Code, requiring leave of the court to sue.

Defendant demurred to the complaint, and the demurrer being overruled did not appeal, but answered setting up the same ground argued in the demurrer. *Held*, that the decision of the demurrer did not preclude him from doing so, or estop the court from again considering the question.

APPEAL from a judgment in favor of plaintiff, on a trial before the court, without a jury. The material facts appear in the opinion.

*W. Britton,* appellant in person. For the purposes of section 71 of Code of Procedure, this action is between the " same parties ", as the original action. 1 Abb. 83 ; Code, § 283 ; *Graham* v. *Scripture,* 26 How. Pr. 501, 507.

*C. Bainbridge Smith,* respondent, in person. Section 71 of Code does not apply. 45 How. 428; 12 id. 537; 1 Abb. 84; 2 Hilt. 69. Defendant having demurred, cannot raise the same question by answer. 37 N. Y. 372; 4 Abb. N. S. 340. The objection to the complaint, if taken by demurrer, would have been, that plaintiff had not legal capacity to sue, and defendant, by answering the complaint, is deemed to have waived that objection. Section 144 and 147 of Code ; 18 Abb. 191 ; 37 N. Y. 648 ; 40 id. 410 ; 5 Duer, 672. In *Graham* v. *Scripture,* 26 How. 501, what was said by the court is mere *obiter.* In *Hastings* v. *Farmer,* 4 N. Y. 293, the court had no jurisdiction of the person of the defendant.

DAVIS, P. J. This action was commenced on a judgment recovered in the court of common pleas of the county of New York, on the 8th of October; 1861, in favor of James N. Richards against the above named appellant. Richards, the plaintiff in the judgment, having died, the present plaintiff was duly appointed administrator of his estate, and afterward commenced this action on the judgment. He did not aver in his complaint that he had leave of the court to bring the action. The defendant demurred to the complaint, assigning as the ground of demurrer that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled at special term, the point of the decision being, that the action on the judgment is not between the same parties within the meaning of section 71 of the Code, and therefore leave of the court to sue was not necessary. *Smith* v. *Britton,* 45 How. 428.

The defendant had leave to amend, on payment of costs, and thereupon answered that the action is brought " between the same parties without leave of the court, and without notice to the defendant." On the trial, the court found that the action was brought without leave, that the demurrer had been interposed and

decided as above stated; and held, as a conclusion of law, that leave of any court to commence this action was not necessary.

It is now insisted by the plaintiff, that the decision of the special term on the demurrer, not having been appealed from, became the law of the case, and, whether right or wrong, is binding upon the defendant against whom it was pronounced. This proposition is not sound. Of course, if judgment had been entered upon the decision, that would have been conclusive upon the parties, until reversed or set aside; but leave having been given to answer over, on payment of the costs of the demurrer, the defendant was at liberty to avail himself of that alternative. Having done so, the demurrer is regarded as withdrawn, and the case stands for trial, upon the issues of fact formed by the present pleadings. The decision of the demurrer does not operate as an estoppel, but of course the judge at circuit would regard the opinion pronounced upon deliberate examination at special term with the respect due it, under the circumstances, and, doubtless, as a rule, would accept it as a correct exposition of the law.

The case is here for review, upon the principal question, and that is, whether an administrator of a deceased plaintiff is within the phrase, "the same parties," as used in section 71 of the Code. It is quite clear that an administrator was not within the meaning of that phrase at the time of the first enactment of the section. He could not then issue execution, nor make a motion for leave to issue execution (*Jay* v. *Martine*, 2 Duer, 654; *Thurston* v. *King*, 1 Abb. 126; and *Wheeler* v. *Dakin*, 12 How. 537); and his only remedy seems to have been by action, in place of the former writ of *scire facias*, and that proceeding was held not to be an action between the same parties, so as to require leave to commence it. *Cameron* v. *Young*, 6 How. 372; *Wheeler* v. *Dakin*, *supra*.

In 1866 the legislature amended section 283 of the Code so that executions can be issued on judgments in case of the death of the plaintiff by "his personal representatives, duly appointed," at any time within five years after the entry of the judgment. In this case more than five years had elapsed before the action was brought, but that fact was not made a point in the court below, and ought not to be controlling here.

The real question is, whether the authority now given to personal representatives to issue execution, after the death of a plaintiff whom they represent operates, to bring them within the meaning of the

words "the same parties," as used in section 71. For reasons assigned by VAN BRUNT, J., on the decision of the demurrer in this case at the special term (see 45 How. 428), we think the plaintiff does not come within the prohibition.

Section 71 has, in all the cases arising upon it, received a restricted construction. The words "the same parties" have a very definite signification, and the courts have not been disposed to extend their meaning. See *Dean* v. *Eldridge*, 29 How. 218; *Lane* v. *Salter*, 4 Rob. 239; *Tuffts* v. *Braisted*, 1 Abb. 83; *Clark* v. *Story*, 29 Barb. 295, and cases above cited.

The judgment appealed from should be affirmed.

DANIELS and DONOHUE, JJ., concurred.

*Judgment affirmed.*