PATTERSON *v.* NAEHR.

*(Common Pleas of New York City and County, Special Term.* December 17, 1888.)

INJUNCTION—TO STAY EXECUTION ON VOID JUDGMENT.
   A judgment of a New York city district court was dated and was entered by the clerk as of August 24th, which was within the statutory eight days after final submission, but in fact the judgment was not filed with the clerk until August 27th, which was too late. The defendant therein had no actual notice of the facts until September 15th, at which time the plaintiff issued execution. It was then too late to appeal from the judgment, if the true date thereof was August 24th. *Held,* that the defendant was entitled to have the execution enjoined.

Action to enjoin execution.

*Henry P. Bauer,* for plaintiff.    *Johnes & Wilcox,* for defendant.

VAN HOESEN, J. Action to restrain Naehr from enforcing execution, and to set aside judgment in Naehr's favor, in a district court. The justice did not decide the case within eight days after submission, but in eleven days after submission. It was claimed that the judgment was void, because not entered within eight days after the cause was submitted to the justice. The judgment appeared upon the face of the record to have been entered on the 24th day of August, 1888. The Code gives to the losing party 20 days within which to make his appeal. The date from which the time to appeal is computed is the time at which the judgment is entered in the justice's docket. The evidence shows very clearly that, though the record makes it appear that judgment was entered on August 24th, there was no entry of judgment until late in the afternoon of August 27th. This seems not to have been fraudulently done, and I am not prepared to cast any reflection upon either the justice or the clerk for the error in the entry of the judgment. The proceedings were had in midsummer, and the justice who caused the entry to be made did not reside in the district, but was holding court temporarily in the place of the judge of the district. He sent the papers by mail, and the date that the papers bear was probably the day on which the decision was made and reduced to writing. A delay in mailing may well have caused the non-arrival

of the papers before the 27th of August, and the clerk probably deemed it his duty (though it was not) to make the book of the office conform to the date that appeared upon the papers that were received from the justice. If the defendant in this action had issued execution forthwith, so that the plaintiff in this action could have been apprised that judgment had passed against him, it is not likely that this suit would have been brought; because an appeal from the judgment of the district court could have been taken, and, if the return had shown that the judgment was entered on the 24th, this court would, upon a proper application, have compelled the justice to make a further return, and certify whether in point of fact the judgment was not entered on the 27th, and not on the 24th. If a false return had been made, (which is not to be presumed,) an action against the justice for a false return would have given the plaintiff in this action the redress to which he would be entitled. If the date of the entry of the judgment were truly stated,—namely, the 27th of August,—this remedy at law would be ample, for the judgment would be reversed, because it was rendered more than eight days after the case was finally submitted. But it appears that the plaintiff in the district court action (who is the defendant here) caused the execution to be held until September 15th, at which time the right to appeal had expired, if the judgment was entered on August 24th. The plaintiff in this action was thus exposed to the danger of having the appeal dismissed or disregarded, as having been taken too late, and that fact creates the equity that leads me to grant this injunction to stay the execution, and to adjudge that the judgment of the district court should in this action be vacated. Of course, if an adequate remedy at law exists, a resort to the equity side of the court is not to be tolerated, and the remedy at law would be all-sufficient. If the plaintiff in this action had learned of the district court judgment, and the record were true, —and while I will not say that even then he might have caused the return to be corrected, so as to save the appeal,—yet the difficulty he would have encountered in accomplishing that result, and the danger he would have incurred in having his appeal disregarded because it was not in time, coupled with the danger of being compelled to pay the judgment, is a good reason for entertaining this action. There should be judgment for plaintiff.