United States Trust Company of New York, as Substituted Trustee, Respondent, *v.* Philip V. R. Stanton, Impleaded, etc., Appellant.

In an action brought by plaintiff as substituted trustee under the will of B. to foreclose a mortgage executed to the original trustees by defendant S., the latter set up a counterclaim for services rendered prior to plaintiff's substitution, to and under a contract with its predecessor in the trust. The trial court found the rendition of the services, and that the bond and mortgage had been fully paid thereby, but refused to render judgment for a balance against plaintiff. *Held*, that such refusal was not error; that plaintiff, when it succeeded to the trust, did not assume any obligation created by the contract between the former trustees and S., and none was imposed by law; that, assuming there was some equitable ground for charging the trust estate with the value of the services, this would furnish no reason for charging plaintiff personally with the debt; also, that the Code of Civil Procedure (§ 502, subd. 3) did not permit an affirmative judgment for the excess.

(Submitted October 12, 1893; decided October 24, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered

upon an order made July 22, 1892, which affirmed so much
of a judgment entered upon a decision of the court on trial
at Special Term as denied to the defendant Philip V. R.
Stanton an affirmative judgment on his counterclaim against
plaintiff personally.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Philip V. R. Stanton* for appellant, in person.   The coun-
terclaim was proper.   (*Davis* v. *Stover*, 58 N. Y. 473 :  *Young*
v. *Brush*, 28 id. 673 ;  *Warrall* v. *Harford*, 8 Ves. 8 ;  *Atty.-
Gen.* v. *City of London*, 1 id. 246.)   The issue being of fact
respecting the counterclaim, and tried solely as such, the law
is admitted, and the question presented is purely of fact.   (*A.
Ins. Co.* v. *Swift*, 12 Minn. 444.)   The judgment also is
defendant's only remedy to compel the plaintiff to pay and
discharge this lien and charge on the estate.   It is the duty
of the individual or party to whose lot it falls to administer
the estate, to pay this claim, it being a lien or charge on the
estate.   (28 N. Y. 673.)   The trustee not only has the whole
trust fund and estate to which it may resort for reimburse-
ment (*Young* v. *Brush*, 28 N. Y. 673 ; 8 Ves. 8), but also has
a right of action against the *cestuis que trust* for the money
paid.   (*Balsh* v. *Hiham*, 2 P. Wms. 453.)

*Edward W. Sheldon* for respondent.   Defendant cannot
appeal from a judgment entered by him on his own motion.
(*Hooper* v. *Bucher*, 109 N. Y. 609 ; *Genet* v. *Davenport*, 59
id. 648 ; *Maples* v. *Mackey*, 89 id. 146.)   There is no proof
before the court on this appeal justifying the reversal of the
judgment of the lower court.   (*Day* v. *Town of New Lots*,
107 N. Y. 148, 157 ; *Waugh* v. *S. Bank*, 115 id. 42.)   In no
event would services rendered to the plaintiff's predecessors
in trust be a valid claim against the plaintiff, either as trustee
or individually.   (*New* v. *Nicoll*, 73 N. Y. 127 ; *Austin* v.
*Monroe*, 47 id. 360 ; *Ferrin* v. *Meyrick*, 41 id. 315 ; *Stanton*
v. *King*, 8 Hun, 4 ; 76 N. Y. 585.)   Even assuming the

appellant's counterclaim to have been valid, his recovery in this action was necessarily limited to the amount of the plaintiff's claim. (Code Civ. Pro. §§ 501, 502.)

Andrews, Ch. J. The United States Trust Company, as substituted trustee under the last will and testament of Gilbert W. Bowne, deceased, brought this action to foreclose a mortgage executed to the original executors and trustees by the defendant Stanton. Among other defenses Stanton set up a counterclaim for services as attorney rendered on the retainer of the original executors and trustees in divers suits and proceedings in the business of the estate, all of which services were rendered prior to the substitution of the plaintiff. The trial court found the rendition of the services and their value, and that the bond and mortgage had been fully paid thereby. But the court refused to render judgment for the balance of the counterclaim against the plaintiff, as demanded by the defendant. The decision was clearly right. The plaintiff had entered into no contract with Stanton. The alleged services were rendered under a contract with its predecessor in the trust. That contract bound the former trustees individually and though the services were rendered for the benefit of the trust estate they were not rendered under such circumstances, so far as appears, as to create a charge thereon, which could be enforced by Stanton. (*Austin* v. *Munro*, 47 N. Y. 360; *New* v. *Nicoll*, 73 id. 127.)

The plaintiff, when it succeeded to the trust, did not assume any obligation created by any contract between the former trustees and Stanton, and none was imposed by law. If any equitable ground exists for charging the trust estate for the value of the services rendered by Stanton, no such ground appears in the record, and assuming it to exist, it would furnish no reason for charging the plaintiff personally with the debt, which is what the defendant Stanton sought to do in demanding an affirmative judgment against the plaintiff for the excess of the counterclaim over and above the amount applied in satisfaction of the mortgage.

The case of *Davis* v. *Stover* (58 N. Y. 473), is not an authority for the contention of the defendant. In that case a defendant was permitted to set off against a debt owing by him to the insolvent bank the value of services rendered on the employment of the receiver, which the receiver might properly have paid out of the trust estate. Nor does the Statute of Counterclaim permit an affirmative judgment for the excess in a case like this. The plaintiff is a trustee and sues as such, and by sub. 3 of sec. 502 of the Code a demand against the plaintiff personally cannot be set up as a counterclaim, and by the same section only so much of a demand existing against the person whom the plaintiff represents or for whose benefit the action is brought, as will satisfy the plaintiff's demand, can be allowed as a counterclaim.

The question as to the correctness of the judgment, so far as it applied so much of the value of the services as was necessary in satisfaction of the mortgage, is not involved.

We think the part of the judgment from which an appeal was taken, denying the right of the defendant Stanton to a judgment against the plaintiff personally for the excess, was right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.