(9 Misc. Rep. 70.)

### HANLON v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. COUNTERCLAIM—ACTION BY TRUSTEE.

An agreement by the beneficiary of a policy to pay the funeral expenses of the insured, and to employ a certain undertaker, in consideration of the receipt of the proceeds of the policy, does not make such beneficiary a trustee as to the proceeds of the policy within Code Civ. Proc. § 502, subd. 3, which provides that a demand against plaintiff in an action shall not be allowed as a counterclaim where plaintiff is suing as trustee of another.

2. SAME—EXPRESS TRUST.

Code Civ. Proc. § 502, subd. 3, which provides that "if the plaintiff is a trustee for another, or if the action is in the name of a plaintiff who has no actual interest in the contract on which it is founded, a demand against the plaintiff shall not be allowed as a counterclaim," must be read with section 449, which provides that an action must be brought in the name of the real party in interest, and therefore the persons against whom a personal indebtedness is not allowable as a counterclaim are "trustees of express trusts."

Appeal from seventh district court.

Action by Mary Hanlon against the Metropolitan Life Insurance Company on a life insurance policy. From a judgment rendered by a justice without a jury in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. N. Bovee, Jr., and J. McG. Goodale, for appellant.
Thomas Gilleran, for respondent.

BISCHOFF, J. The plaintiff sued upon a policy of insurance upon the life of her brother, and in which she was designated as the beneficiary. As a counterclaim, defendant interposed a judgment

obtained against the plaintiff, and assigned to the former. By stipulation of the parties made upon the trial, and appearing in the return, it was admitted that the plaintiff was entitled to recover the amount of the policy in suit, there being no defenses thereto; and, upon the other hand, the plaintiff conceded that the judgment upon which claim was made by the defendant had been duly assigned for sufficient consideration, and that the plaintiff was the person against whom such judgment had been obtained. Upon the trial it was conceded, furthermore, on the part of the plaintiff, that, were she suing for her individual benefit, the amount of the counterclaim in excess of the sum due upon the policy should properly be allowed in judgment for the defendant. Wells v. Henshaw, 3 Bosw. 625; Clark v. Story, 29 Barb. 295; Code Civ. Proc. § 1909. Such being the attitude of the parties, evidence was given on behalf of the plaintiff, under objection, showing an oral agreement between the plaintiff and the insured, which was to the effect that, in consideration of the policy and the payment of the premiums as they accrued from time to time, and the receipt of the proceeds of the policy upon the death of the insured, the plaintiff would defray the funeral expenses of the insured. It was also a part of such oral agreement that one Finan, an undertaker, should be employed on the occasion of the insured's burial. The justice below rendered judgment in favor of the plaintiff for the amount claimed, disregarding the counterclaim interposed by the defendant, the judgment resting apparently upon the provisions of section 502, subd. 3, of the Code of Civil Procedure, which are as follows:

"If the plaintiff is a trustee for another, or if the action is in the name of a plaintiff who has no actual interest in the contract upon which it is founded, a demand against the plaintiff shall not be allowed as a counterclaim; but so much of a demand existing against the person whom he represents or for whose benefit the action is brought, as will satisfy the plaintiff's demand, must be allowed as a counterclaim, if it might have been so allowed in an action brought by the person beneficially interested."

It is open to serious question whether the provisions of section 502 of the Code of Civil Procedure are available to a plaintiff in an action brought in the district court in the city of New York, a plain summary of the law being that the section is applicable to actions in every court within the state except the district courts alluded to. Section 502 is a part of article 3 of chapter 6 of the Code, and by subdivision 4 of section 3347 the whole chapter 6 is made exclusively applicable to actions in the supreme court, the superior city courts, the city court of New York, and the county courts. By section 2945, sections 501 and 502 are extended to actions in the justices' courts, but neither the Code nor the consolidation act renders section 502 applicable to the district courts in the city of New York. The sections of the Code which regulate the procedure in the last-mentioned courts are 3207 to 3222, both inclusive; but nothing therein contained either expressly or by necessary implication extends the operation of section 502 to actions in those courts. Section 2938, with reference to the justices' courts only, provides that the answer may set forth new matter constituting a defense or counterclaim; and

by section 1347 of the consolidation act (chapter 410, Laws 1882) section 2938 of the Code is applied to the district courts in the city of New York. The sections of the consolidation act which affect the district courts are 1279 to 1440, both inclusive, neither of which extends the provisions of section 502 of the Code. Section 1347 of the consolidation act, which renders certain sections of the Code applicable to the district courts, does not include section 2945 of the Code, by which sections 501 and 502 of the Code are made operative in actions in the justices' courts. We do not decide the question, since, upon other grounds, the judgment appealed from cannot be sustained. We merely point out for legislative action what is apparently an oversight. The district courts in the city of New York can exercise such jurisdiction only as has been specially conferred by statute. Schwartz v. Wechler (Com. Pl.) 20 N. Y. Supp. 861; Farre v. Ellsworth (Com. Pl.) 19 N. Y. Supp. 659.

That, in consideration of the policy, and the payment of the premiums by the insured, the plaintiff may have rendered herself liable to the personal representatives of the insured, or to the undertaker upon her promise to pay the funeral expenses of the insured, does not render either the representatives or the undertaker beneficially interested in the policy issued by the defendant. If that were otherwise, this action would not be maintainable, since, by express provision of law (Code Civ. Proc. § 449), the action must be brought in the name of the real party in interest. The institution and prosecution of the action by the plaintiff as the beneficiary named in the policy is therefore in and of itself a refutation that another is the real party in interest. To hold that the counterclaim is not available to the defendant because another than the plaintiff is the real party in interest respecting the demand sought to be enforced is to say that the plaintiff is not entitled to a recovery. The plaintiff's contention respecting her claim and the defendant's counterclaim are therefore plainly inconsistent. She is either the party in interest, and then the counterclaim is available, or she is not the party in interest, and then she cannot maintain the action. By bringing and prosecuting the action, and asserting her right to recover, she insists that she is the party in interest respecting the demand in suit; and so, by her own admission, the defendant's counterclaim is available against her. A judgment in her favor determines that it was.

It is apparent that the provisions of subdivision 3 of section 502 of the Code of Civil Procedure must be read with the provisions of section 449, and that the persons against whom a personal indebtedness shall not be available to the defendant as a counterclaim are such as may be properly classed as "trustees of express trusts." Hood v Hayward, 124 N. Y. 1, 24, 26 N. E. 331; Sperb v. McConn, 110 N. Y. 605, 610, 18 N. E. 441; Wetmore v. Porter, 92 N. Y. 76, 83; Trust Co. v. Stanton, 139 N. Y. 531, 534, 34 N. E. 1098; Duncan v. Insurance Co., 129 N. Y. 237, 246, 29 N. E. 76. No express trust in favor of the legal representatives of the insured or the undertaker was created by the plaintiff's oral agreement to pay the funeral expenses. Pom. Rem. & Rem. Rights, §§ 171–182; Considerant v. Brisbane, 22 N. Y.

389.   As between the parties to the insurance contract, the promise of the defendant to pay the amount named in the policy does not appear to have been made for the benefit of any person other than the plaintiff, the beneficiary designated in the policy.   Defendant was no party to plaintiff's alleged oral agreement.   Hence it cannot be successfully urged that the contract which plaintiff sought to enforce in this action was made with her, or in her name, or with the insured, or in the name of the insured, for the benefit of either the personal representative of the insured or the undertaker. Plainly, then, the case is not within the operation of the provision of section 449 of the Code of Civil Procedure that "a person with whom or in whose name, a contract is made for the benefit of another" shall be deemed to be the trustee of an express trust.   The foregoing considerations lead to the conclusions that the justice erred in disallowing defendant's counterclaim, and that the judgment should be reversed.   Judgment reversed, and a new trial is granted, with costs to the appellant to abide the event.