(10 Misc. Rep. 762.)

JENNINGS v. MILLER.

(Common Pleas of New York City and County, General Term. January 7,. 1895.)

1. APPEAL.—FACTS NOT KNOWN TO JUSTICE.

Where the return shows that appellant was in court at the trial of the· cause, and was examined as a witness "for the defendants," there being only one other defendant besides himself, an unauthorized appearance for appellant does not bring the case within Code Civ. Proc. § 3057, providing: that an appeal founded on alleged error in fact not within the knowledge· of the justice may be determined on affidavits.

2. SAME—DISTRICT COURT OF NEW YORK CITY.

Code Civ. Proc. § 3057, providing that where an appeal from a justice of˙ the peace is founded on an error in fact not affecting the merits of the action, and not within the knowledge of the justice, the matter may be determined on affidavits, applies to the district courts of New York City..

Appeal from First district court.

Action by Katherine Jennings against Henry H. Miller, impleaded.. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant Miller appeals. Dismissed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John Naumer, for appellant.

George C. Coffin, for respondent.

BISCHOFF, J. This appeal is founded upon an alleged "error of˙ fact, not affecting the merits and not within the knowledge of the justice below" (Code Civ. Proc. § 3057), such error being assigned to· the unauthorized entry of an appearance for the defendant (appellant), it not appearing from the record that he was personally served with the summons, nor is claim made that he was. While it was held in Jourdan v. Healey (Com. Pl. N. Y.) 19 N. Y. Supp. 240, that section 3057 was not applicable to appeals from the district courts, the statement there made was obviously due to an oversight; and, moreover,. the· point was not essential to the determination of that case. By section 3213 of the Code, and section 1438 of the consolidation· act (Laws 1882, c. 410), articles 1 and 2 of title 8 of chapter 19 of the Code are made applicable to the district courts, and section 3057 is included in article 1 of such title and chapter.

For the respondent, it is claimed that this court has not jurisdic-. tion to entertain the appeal, it being conceded that the notice of appeal was not served within 20 days after entry of judgment. Code, § 3046,. made applicable by section 3213, Code Civ. Proc., and section 1438,. Consolidation Act. The last-cited section reads as follows:

"An appeal must be taken within twenty days after the entry of judg-ment in the justice's docket; except that where a defendant appeals from a judgment rendered in an action, wherein he did not appear and the sum-mons was not personally served upon him, the appeal may be taken within twenty days after personal service upon him on the part of the plaintiff, of written notice of the entry of judgment; but not after the expiration of five years from the entry of the judgment," etc.

In answer, the appellant contends that he had not appeared in the· action, and that, therefore, his appeal was properly taken within five

years after entry of judgment, no service of notice of its entry having been made.   From the return it appears, and is not denied, that the appellant was physically present in court upon the trial of this cause; that he was examined as a witness "for the defendants," there being but one defendant other than himself, and was cognizant of the matters in suit.   How, then, is the judgment to be assailed for "error of fact not within the knowledge of the justice"?   Who, better than the justice presiding, should be cognizant of the fact whether or not this defendant appeared and litigated the question at issue, as, from the record, it would appear that he did?   The return might, perhaps, have been open to amendment, but, as it exists, it is not to be attacked by affidavits under section 3057; and, the judgment standing as establishing the fact of the appellant's appearance, the appeal was not seasonably instituted (Code, § 3046), and must be dismissed, with costs.