(13 Misc. Rep. 240.)

## FEIST v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. JUDGMENT—OPENING DEFAULT—NEW YORK DISTRICT COURT.
    A district court has no power to open a default after the lapse of the 20 days, within which Consolidation Act, § 1367, as amended by Laws 1894, c. 750, provides defaults may be opened.

**2. APPEAL—INTERLOCUTORY JUDGMENT.**
    No appeal lies from an interlocutory order of a district court of New York City.

**3. COURTS—JURISDICTION—WAIVER.**
    A party does not waive his objections to the jurisdiction of the court by answering "Ready" on the call of calendar.

Appeal from Ninth district court.

Action by Henry Feist against the Third Avenue Railroad Company. From a judgment entered on an order dismissing the complaint, and from an order opening the default, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Charles Caldwell, for appellant.
Henry L. Scheuerman, for respondent.

BISCHOFF, J. Judgment in this action was rendered in plaintiff's favor upon default, and subsequently, on defendant's motion, an order was entered by the justice opening the default, and the cause was thereafter set down for trial. Upon the day of the trial, plaintiff appeared, and moved that the order opening the default be set aside, and that the original judgment stand, the motion being based upon the lack of jurisdiction of the justice to make the order in question. Upon the denial of this motion, he refused to proceed with the trial, and judgment for dismissal of the complaint was rendered. From that judgment, and from the "decision and order," he has taken this appeal; the order referred to being that opening the default, and the "decision" being the denial of the motion to vacate the order.

It is conceded that the justice made the order opening the default after the lapse of 20 days from the date of entry of judgment, and there can be no question but that in so doing he exceeded his powers, as defined and regulated by statute, beyond the provisions of which he was without authority to act. Hanlon v. Insurance Co., 9 Misc. Rep. 70, 29 N. Y. Supp. 65. The only statutory provision whereby a default in a district court may be opened by the justice is section 1367 of the consolidation act (Laws 1882, c. 410), as amended by chapter 750, Laws 1894. Prior to the original enactment of that section (Laws 1862, c. 484, § 16), the justices were wholly without jurisdiction over a judgment after the date of its entry upon the docket. People v. Campbell, 18 Abb. Pr. 1. The amendatory act, beyond question, limits the time in which the power may be exercised to 20 days after entry of judgment, while the section itself contained no restriction as to time. To us this is clear beyond need of argument. It is so declared in as many words, and this is not a case where any other construction, liberal or illiberal, is possible. But it is contended that section 724 of the Code, declaring the power of the courts to open defaults within one year, affords justification for the order made below. That section, however, applies only to courts of record (Code Civ. Proc. § 3347, subd. 6), of which class the district court are not (Id. § 3, subd. 3).

Nor is it essential, as claimed, that the power to open defaults, irrespective of time, should be bestowed upon these justices. If the defendant be not in fact served with the summons, then an appeal may be entertained at any time within 5 years when instituted within 20 days after service of notice of entry (Code Civ. Proc. §§ 3046, 3213); or, if the service of the summons was defective, the defendant may appeal from the judgment for error in fact (Jennings v. Miller, 10 Misc. Rep. 762, 31 N. Y. Supp. 814; Code Civ. Proc. §§ 3057, 3213). If the plaintiff is in fault, and by reason of his failure to notify defendant of the judgment by delaying issuance of execution, or in other ways, the 20-days limit of time to appeal should have expired, a court of equity can give the appropriate relief (Patterson v. Naehr [Com. Pl. N. Y.] 6 N. Y. Supp. 513); and if, for the fault of the justice, under some circumstances, the right to an appeal is lost, there is an adequate remedy at law (case last cited). We are now to consider the effect of this erroneous order upon the merits of the case presented by this appeal.

From the order itself no appeal to this court is warranted (Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Wensley v. Randolph, 9 Misc. Rep. 457, 30 N. Y. Supp. 239; Rosenthal v. Grouse, 12 Daly, 532), our power to entertain appeals from the district courts being derived from the statutes only; and, in the absence of statutory provision, we are unable to review orders made by such courts other than final orders in summary proceedings. If hardship results, it is due to the omission of the legislature, when enlarging the powers of the justices, to correspondingly provide for a review of their proceedings.. See Rosenthal v. Grouse, supra. But the appeal from the judgment in this case enables us to relieve the appellant, although the appeal from the order must necessarily be dismissed. That order having been granted and the original judgment set aside through the justice's act in excess of his powers, the act was without significance and the order void (Schwartz v. Wechler [Com. Pl. N. Y.] 20 N. Y. Supp. 861, and cases cited); hence the judgment as rendered was unaffected. The litigation in the court below having been closed by the entry of the judgment in plaintiff's favor upon an inquest, and the lapse of 20 days, the justice was without jurisdiction to reopen the proceedings, and to give judgment for dismissal of the complaint, upon plaintiff's refusal to proceed with the trial.

Some importance appears to be attached to the fact that, upon the call of the calendar in the court below, plaintiff answered "ready," and only raised his objections when the case was reached for trial. That a party cannot raise the objection of lack of jurisdiction over the subject of the litigation upon the trial, especially where the situation is such as was here the case, would seem to be a novel proposition. Such an objection is certainly not waived by a party's expressing his readiness to try the issues, among which this question is the chief. Total lack of jurisdiction in the court below is a fact of which the appellate court may and should take notice, even when the point was not raised at the trial. Brookman v. Hamill, 43 N. Y. 554; Palmer v. Lorillard, 16 Johns. 348; Sanford v. Granger,

12 Barb. 392. In this case, however, the question of jurisdiction was the only one presented to the court below, and upon which the matter was decided.

For the reasons noted, the judgment is reversed, with costs, and the appeal from the order dismissed, with costs.