(26 App. Div. 550.)

## HAUPT v. AMES.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

1. ACTION FOR FRAUD—RIGHT TO COUNTERCLAIM.

Where the allegations of a complaint charging the defendant with the making of false and fraudulent statements concerning the affairs of a corporation for the purpose of inducing plaintiff to invest therein, upon which he relied to his injury, were admitted by the defendant, *held*, that no act that the plaintiff might have committed subsequently, and no cause of action which the defendant may have had against the plaintiff, could be set up as a counterclaim.

2. ACTION SOUNDING IN TORT.

Such an action is one sounding in tort.

Appeal from special term.

Action by B. Edmund Haupt against Paul R. Ames. From a judgment sustaining a demurrer interposed to counterclaim set up in the answer, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Samuel R. Taylor, for appellant.
E. F. Bullard, for respondent.

WOODWARD, J. The plaintiff alleges as a cause of action that the defendant made to him certain specific statements in reference to the affairs of the Columbian Pharmacal Company, a foreign corporation doing business in the state of Connecticut, for the purpose of inducing this plaintiff to invest his money in the stock and bonds of the said company; that relying upon these statements, and believing them to be true, the plaintiff did purchase 5 of the bonds of the said company, together with 50 shares of the stock, paying therefor $3,000 in cash, and agreeing to pay $625 on the 1st day of March, 1894, and $1,000 on the 1st day of June following; that these statements were false, and that the defendant knew them to be false at the time they were made; and that the plaintiff, by reason of such investments, made in the belief that the statements were true, has suffered damages to the extent of $3,000, for which amount he demands judgment. The defendant, answering, admits that the statements made were false, and attempts to put in a defense in the nature of a counterclaim, to which the plaintiff demurred; and from the order of the court directing an interlocutory judgment, and sustaining the demurrer, appeal comes to this court. So much of the order of the court as is necessary for the purposes of this discussion reads as follows:

"Ordered and adjudged that said demurrer be, and is hereby, sustained, and an interlocutory judgment is directed to be entered in favor of the plaintiff determining that said counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, and that it does not state facts sufficient to constitute a cause of action."

The defendant urges that the action is not one in tort, and that the counterclaim comes within the rule laid down in Carpenter v. Insurance Co., 93 N. Y. 552, where Judge Earl, delivering the opinion of the court, says:

"The counterclaim must have such a relation to, and connection with, the ·subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation."

How can a defendant, admitting the false statements constituting .the basis of fraud, contend that there is any controversy in which it would be "just and equitable" that the "matters alleged in the complaint and in the counterclaim" should be settled in one action? This .defendant cannot come into court admitting the fraud, and undertake to interpose a counterclaim. No act that the plaintiff may have committed subsequently, and no cause of action which the defend- .ant may have against the plaintiff, can be admitted as an offset to the false statements, resulting in a fraud upon the plaintiff, and which constitutes his cause of action. The case of Byxbie v. Wood, ·24 N. Y. 607, on which the defendant relies for authority that this action is not an action sounding in tort, fails to sustain this theory. The court held in this case that:

"The facts, as found by the referees, are that, by false representations and the alteration of bills and vouchers, the defendant himself received from Marvine large sums of money to which he was not entitled; and they have found ·that the plaintiffs are entitled to recover, not for any fraud, but for the money which the defendant had so received, and which, being so received, he had no right to retain. This state of facts does not necessarily require an action to be brought for the tort, even if it allows one to be so brought."

In discussing the question of whether an action for a tort could be assigned, the court in the same case say:

"The authorities cited by the defense 'in support of this position (Addington v. Allen, 7 Wend. 9; Zabriskie v. Smith, 13 N. Y. 333) go far to answer the position, since they show just what that action is, and that it is not for false and fraudulent representations, by which the defendant himself obtained money or property, ·but for such representations, as to the credit and responsibility of a third person, as induced the plaintiffs in those suits to sell property on credit to such third person, and thereby the plaintiffs were injured, though neither the defendant nor his property was benefited. So far as the defendant's act and the defendant himself were concerned, it was a mere naked tort."

That is the situation of this defendant. He is charged in the complaint with having induced the plaintiff, by false and misleading .statements of the condition of the Columbian Pharmacal Company, to invest his money in the stock and bonds of the said company, and these false statements of the condition of the company constitute the only cause of action of the plaintiff as against this defendant, and there· can be no question that it is an action sounding in tort. As was said in the case of People v. Dennison, 84 N. Y. 272:

"It was consequently an action in which a counterclaim founded on contract ·could not properly have been allowed. Smith v. Hall, 67 N. Y. 48; Code, § 501; Pattison v. Richards, 22 Barb. 143. The claim of the defendants was a cause ·of action, not arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. The subject of the action was a fraud alleged to have been committed by the defendants upon the plaintiff, the allegation being that the defendants fraudulently obtained money from the state by means of false representations, false vouchers, and collusion with state officers. The counterclaim was that the state was indebted to the defendants on contract for work and materials which had not ·been paid for. The circumstance that the work in respect to which the fraudulent representations charged were alleged to have been made was the same for which the defendants claimed that an indebtedness existed in their favor does

not bring the case within section 501 of the Code. The subject of this action, which was the fraud, was wholly distinct from the claim set up by the defendants for money due on the contract for the work. Nor has section 501 been regarded as conferring the right to set up a counterclaim founded on contract, in an action of tort."

It being apparent, therefore, that the defendant could not interpose a counterclaim in this action, it is not necessary to go into the consideration of the question of whether or not the allegations of the defendant are sufficient to constitute a cause of action.

The order of the court below, sustaining the demurrer and directing an interlocutory judgment, is affirmed. All concur.