CHARLES A. LUNDINE, Appellant, Respondent, *v.* ALEXANDER J. A. CALLAGHAN, Respondent, Appellant.

*Recovery on proof of an express contract under a complaint based on a* quantum meruit *— counterclaim in the New York Municipal Court, how far limited — in an action for work done, a counterclaim for jewelry stolen by the plaintiff's workman cannot be interposed.*

Where the complaint in an action brought in the Municipal Court of the city of New York to recover for work done and materials furnished is framed upon a *quantum meruit*, while the proof establishes the existence of an express contract, the court may, under section 2943 of the Code of Civil Procedure, which is applicable to the Municipal Court of the city of New York, disregard the variance, unless it is satisfied that the defendant has been misled to his prejudice thereby.

Section 2938 of the Code of Civil Procedure, which provides that the answer interposed in an action in a Justice's Court may set forth "one or more defenses or counterclaims," must be construed in connection with section 2945 of the Code of Civil Procedure which makes sections 501 and 502 of such Code applicable to counterclaims interposed in actions commenced in Justices' Courts.

It was not the intention of the Legislature, when making section 2938 of the Code of Civil Procedure applicable to the Municipal Court of the city of New York and omitting to make section 2945 applicable thereto, to allow any new matter constituting a counterclaim to be set up in an answer interposed therein, but only new matter constituting a counterclaim as that term is defined in sections 501 and 502.

In an action to recover for work done and materials furnished by the plaintiff to the defendant, the defendant alleged that one of the plaintiff's workmen, while engaged in the performance of the work for which the plaintiff sought to recover, stole a piece of jewelry belonging to the defendant's sister; that such workman bore a bad reputation and that the defendant negligently employed him without investigating his character; that prior to the commencement of the action the defendant's sister had assigned to him her claim against the plaintiff arising out of the loss of the jewelry.

*Held,* that the counterclaim did not arise out of the transaction set forth in the complaint and was not connected with the subject of the action within the meaning of section 501 of the Code of Civil Procedure.

CROSS-APPEALS by the plaintiff, Charles A. Lundine, and by the defendant, Alexander J. A. Callaghan, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn in favor of the plaintiff, entered on the 6th day of February, 1903.

*Edo E. Mercelis,* for the appellant, respondent.

*Stephen Callaghan* [*Parker K. Deane* with him on the brief], for the respondent, appellant.

WOODWARD, J.:

The trial court found that the plaintiff was entitled to recover from the defendant the full amount claimed by him for work done and materials furnished, less a part of the amount for which the defendant, by counterclaim, demanded judgment against the plaintiff. From the judgment entered on this decision both parties appeal to this court. At the close of the plaintiff's case, and again at the close of the whole case, the defendant moved for a dismissal of the complaint on the ground of variance between the allegations of the complaint and the proof, and also on the ground of certain defects in the proof. The motions were denied.

It was contended in support of the motions, and is here urged, that inasmuch as the complaint was upon a *quantum meruit,* while the proof was that the work was done and the materials furnished under an express contract, there was such a failure of proof as to

require a dismissal of the complaint. We think there is no merit in the contention. Section 2943 of the Code of Civil Procedure provides that "a variance, between an allegation in a pleading and the proof, must be disregarded as immaterial, unless the court is satisfied that the adverse party has been misled thereby, to his prejudice." This section was applicable to the Municipal Court of the city of New York at the time this action was brought, by force of section 1347 of the Consolidation Act (Laws of 1882, chap. 410) and section 1369 of the Greater New York charter. (Laws of 1897, chap. 378; Municipal Court Act [Laws of 1902, chap. 580], § 361.) The trial court could not have been satisfied that the defendant had been misled to his prejudice by the alleged variance, for the defendant's counsel expressly disclaimed this when he made the motion to dismiss the complaint at the close of the plaintiff's case. He elected to rely on his exception to the denial of the motion. We think the motion was properly denied.

The defendant further elected to rely on certain alleged defects in the plaintiff's proof, and gave no evidence to sustain the denial in his answer. There was, therefore, no conflict in the evidence.

In his written memorandum filed upon the decision of the case the trial court said : "Plaintiff proved to the satisfaction of the court work, labor and services performed, and that the agreed price thereof was the sum of $126.50. The defendant is entitled to have set off against that the amount of the damages proven, making a difference in favor of the plaintiff of $41.52, for which sum the plaintiff should have judgment against the defendant." The defendant appeals from this judgment, and the plaintiff from so much thereof as awards the defendant a part of the amount demanded by way of counterclaim. The part of the trial court's decision that is in favor of the plaintiff is substantially sustained by undisputed evidence, and must be deemed conclusive on this appeal; but we think the learned trial court erred in allowing any part of the defendant's counterclaim.

The allegations of the defendant's answer in setting forth the facts constituting the counterclaim state, in substance, that while the plaintiff's workmen were engaged upon the defendant's premises in the performance of the work for which the plaintiff seeks to recover in this action, one of these employees stole certain jewelry

belonging to the defendant's sister, who, prior to the commencement of this action, duly assigned to the defendant whatever claim she might have against the plaintiff growing out of the wrongful act of his servant. To sustain this counterclaim, evidence was introduced tending to show that, on the day he began work on the defendant's premises, the plaintiff took into his employ a stranger, without requiring references, and without investigating the man's reputation and character in any way whatever; that on the same day this man went to work in the defendant's house by the plaintiff's direction; that after having worked there a few days he disappeared, certain jewelry disappearing contemporaneously, or nearly so, from the drawer of a bureau to which the man had access. There was no direct evidence connecting the man with the theft The jewelry was not recovered and the man could not be found. Subsequent investigation, the evidence shows, disclosed the fact that the man had a bad reputation at the time the plaintiff employed him; he had forged checks, misapplied money, neglected to pay board bills and otherwise misconducted himself. On this evidence recovery was sought by the defendant against the plaintiff, by way of counterclaim, upon the theory that the plaintiff was negligent in employing the suspected man and sending him into the defendant's house without first having made investigation as to his character and reputation; and that this negligence on the part of the plaintiff was the direct cause of the loss of the jewelry. The gravamen of the defendant's cause of action was negligence.

The defendant here contends that the " new matter " that might be set up in an answer in the Municipal Court at the time this action was brought was controlled by the practice of the former District Courts; and that practice, it is claimed, was regulated by section 2938 of the Code of Civil Procedure, which was made applicable to those courts by section 1347 of the Consolidation Act. Section 2938 provides : " The answer may * * * set forth, in a plain and direct manner, new matter, constituting one or more defenses or counterclaims." This section relates to pleadings in Justices' Courts. Section 2945 of the Code, which is in the same chapter and title, defines a " counterclaim " in an action brought in a Justice's Court, by making applicable to counterclaims in actions brought in those courts sections 501 and 502 of the Code of Civil Procedure.

Section 501 is as follows: "The counterclaim  *  *  * must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action  * . *  *: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.     2. In an action on contract any other cause of action on contract existing at the commencement of the action." But it is urged by the defendant that sections 501 and 502 of the Code were not made applicable to the former District Courts by section 1347 of the Consolidation Act, and so were not applicable to actions in the Municipal Court prior to September 1, 1902, when the new Municipal Court Act took effect embodying those sections as sections 151 and 152. Therefore, he concludes that the intent of the Legislature was to permit any sort of "new matter" to be set up in an answer as a counterclaim, thus avoiding multiplicity of suits.

In support of this contention the defendant cites *Hanlon* v. *Metropolitan Life Insurance Co.* (9 Misc. Rep. 70) where it is said by the General Term of the Court of Common Pleas in pointing out the omission of section 2945 from the list of Code sections made applicable to the District Courts by the Consolidation Act : " We do not decide the question, since upon other grounds the judgment appealed from cannot be sustained. We merely point out for legislative action what is apparently an oversight."

We do not share the doubt here suggested. If "new matter" in section 2938 of the Code of Civil Procedure means *any* new matter when used in reference to the former District Courts, then no limitation whatever is to be observed in the pleading of counterclaims in that court—a latitude allowed in no other court in the State, and a looseness contrary to the whole theory of counterclaim as developed under the present system of pleading. If it was proper to define the word "counterclaim" for the purposes of Justices' Courts, bringing the pleading of those courts in that respect into harmony with that of the Supreme Court, no reason is apparent for the omission of some definition and limitation of the term when used in reference to pleading in the former District Courts. If the word is to be taken from the terminology of

one court and incorporated into that of another, it must be carried over stamped with its former meaning; it cannot be stripped of its former meaning, nor of all meaning, by the process of transposition. No such unreasonable intent can be attributed to the Legislature. Section 2938 of the Code of Civil Procedure is modified and limited by section 2945 of the same statute; the two sections must be read together. The meaning of the word "counterclaim" is thereby fixed and determined. Section 2945 in effect makes section 501 a part of section 2938, and it so remains, even when section 2938 is made applicable to another court.

But the defendant insists that even conceding that "counterclaim" must be limited and defined as in section 501 of the Code of Civil Procedure, he is still entitled to have his alleged counterclaim in this action upheld, for the reason that it arises "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," or is "connected with the subject of the action." Both the transaction and the subject of the action were the performance of the work and the unfulfilled promise to pay for it. The alleged negligence has no connection whatever with this other than in point of time and locality. It is an attempt to set off in one action a tort against a contract. This is not allowable under the authorities. In *People* v. *Dennison* (84 N. Y. 272) a counterclaim founded on contract was set up in an action founded on fraud. The pleading of the counterclaim was condemned as not within section 150 of the Code of Procedure, which was the same as the present section 501 of the Code of Civil Procedure. In that case it was said by Judge Rapallo: "The claim of the defendants was a cause of action, not arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. The subject of the action was a fraud alleged to have been committed by the defendants upon the plaintiff, the allegation being that the defendants fraudulently obtained money from the State by means of false representations, false vouchers and collusion with State officers. The counterclaim was that the State was indebted to the defendants on contract for work and materials which had not been paid for. The circumstance that the work in respect to which the fraudulent representations charged

were alleged to have been made was the same for which the defendants claimed that an indebtedness existed in their favor, does not bring the case within section 150 of the Code. The subject of this action, which was the fraud, was wholly distinct from the claim set up by the defendants for money due on the contract for the work. Nor has section 150 been regarded as conferring the right to set up a counterclaim founded on contract, in an action of tort." The rule is again declared in *Haupt* v. *Ames* (26 App. Div. 550). For the reasons we have pointed out, the principle of these decisions was applicable to pleadings in the Municipal Court at the time this action was brought, and must govern the disposition of this appeal.

The defendant's claim should be disallowed as a proper subject of counterclaim in this action, and judgment entered for the plaintiff for the full amount claimed.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment of the Municipal Court modified in accordance with the opinion of WOODWARD, J., and as modified affirmed, with costs to the plaintiff.