or associated, can of their own accord take upon themselves that duty without the request and procurement of the state, standing in no relation of authorized governmental agency, and yet put the state under an obligation which makes the bestowal of public money upon the corporate body something other than a gift or a donation. In the present case we have patiently traced the whole history of the appropriation and its recipients along the entire line of an abundant legislation, in order to feel sure that we have not mistaken the quality of the act, or erred in ascribing to the plaintiff corporation the character of a subordinate governmental agency employed by the state to fulfill its obligations due to the exempt firemen for the service they had rendered at the request and by the procurement of the state."

While the relator in the present case was not organized until the year 1887, it is nevertheless undisputed as a fact that the membership of the corporation is entirely composed of men who have served a term of five years as members of the Volunteer Firemen Departments of the former city of Brooklyn and other towns in the county of Kings. All that was said of the obligation of the city and the state of New York to the Volunteer Firemen in the Roome Case must, of course, apply with equal force to the members of the relator. By the amendment of 1906, which directed the remission of water rents, the state has ascribed to the relator the character of a "subordinate governmental agency employed by the state to fulfill its obligations due to the exempt firemen for the service they had rendered at the request and by the procurement of the state." Granting that the past-due water rates are not in the nature of taxes, but are as a debt due to the city for valuable service performed, and are to be treated as money in the treasury of the city, as urged by the appellant, we cannot distinguish in principle between the character of this legislation and that upheld in the Court of Appeals in the Roome Case; for there the state undertook to take part of the license fees of foreign corporations paid for the privilege of conducting business in this state, and to pay it into the treasury of a corporation existing for the benefit of exempt firemen.

The remission of the water rates it not a bestowal of a charity. It is the recognition and the discharge of an obligation due from the state. The extent of the obligation, and the question whether it was fully discharged prior to the enactment of the amendment of 1906, rest alone with the State to determine. That the Legislature was of the opinion that the obligation had not been fully discharged prior to the amendment of 1906 is apparent because of the enactment thereof.

Our conclusion is that the legislation is not unconstitutional, and the order must be affirmed, with costs. All concur. JENKS, J., in result.

---

(120 App. Div. 498)

UVALDE ASPHALT PAV. CO. v. MORGAN CONTRACTING CO. et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

COUNTERCLAIM—SUBJECT-MATTER.

    Code Civ. Proc. § 501, provides that a counterclaim must tend in some way to diminish or defeat the plaintiff's recovery, and must be either a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with

the subject of the action, or, in an action on contract, any other cause of action on contract existing at the commencement of the action. *Held* that, where the subject-matter of an action was the performance of a subcontract and the unfulfilled promise of the defendant to pay, a counterclaim containing allegations concerning the filing of a mechanic's lien by plaintiff and the conduct of plaintiff's agent in an effort to injure the credit of the defendant was subject to demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 56, 57.]

Appeal from Special Term, Kings County.

Action by the Uvalde Asphalt Paving Company against the Morgan Contracting Company and another, impleaded with Realty Associates. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

George D. Beattys, for appellants.

Lewis M. Isaacs (Leo G. Rosenblatt, on the brief), for respondent.

HOOKER, J. The action is to foreclose a mechanic's lien and for a personal judgment against the appellants. The defendant Morgan Contracting Company entered into a contract with the Realty Associates for the erection of certain buildings, and sublet the work to the plaintiff. The plaintiff filed a lien for the amount claimed to be unpaid and due, and the defendant Metropolitan Surety Company was the surety upon the undertaking given to discharge the lien. The counterclaim alleges the contract and the subcontract, and avers that after the plaintiff had entered upon the performance of the subcontract "it began in every way it could to annoy and injure said defendant Morgan Contracting Company"; that the plaintiff was paid from time to time under its contract all moneys it could justly and reasonably demand, but nevertheless the plaintiff filed a mechanic's lien against the property for the purpose of injurying the credit of the Morgan Contracting Company; that, after the lien was discharged by the giving of a bond, the plaintiff filed another lien for the same claim with the same purpose; and that with the same end in view the plaintiff, through its representatives, agents, and officers, circulated stories of the lack of financial responsibility of the defendant Morgan Contracting Company among its debtors, and induced many of them to default in payments due the said defendant. The counterclaim alleges that all such statements were false, and known to be false by the plaintiff when made, and were for the purpose of injuring the Morgan Contracting Company, which was thereby damaged. The plaintiff demurred to the counterclaim on the ground that it is not of the character specified in section 501 of the Code of Civil Procedure, in that it does not arise out of the contracts or transactions set forth in the complaint as the foundation of the plaintiff's claim, nor is it connected with the subject of the action, nor does it tend to diminish or defeat the plaintiff's recovery. These are the only grounds stated of the demurrer.

Section 501 of the Code of Civil Procedure reads as follows:

"The counterclaim, specified in the last section, must tend in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action on contract, any other cause of action on contract, existing at the commencement of the action."

It is clear that the counterclaim does not set forth a cause of action on contract, and hence, under subdivision 1 of section 501 of the Code of Civil Procedure, supra, the defendants may not assert the counterclaim appearing in the answer, unless the matters there alleged arose out of the contract or transactions set forth in the complaint or were connected with the subject of the answer. In our opinion the demurrer was properly sustained. The transaction alleged in the complaint, and the subject-matter of the action, deal with the performance of the subcontract between the plaintiff and the defendant Morgan Contracting Company, and the unfulfilled promise of the latter to pay. It is apparent that the allegations concerning the lien filed by the plaintiff pertain to the remedy and the method of enforcing the payment of the judgment, rather than to the nature of the action. The conduct of the plaintiff's agents in an effort to injure the credit of the defendant Morgan Contracting Company is in no way connected with the subject of the plaintiff's action, nor does it arise out of the subcontract; for it has nothing to do with the manner or extent of performance of the subcontract, the acceptance of the work done under the subcontract, or the payment of the moneys therein provided. As well might a defendant, sued for money loaned, allege a counterclaim that the plaintiff, in seeking to enforce his claim, slandered the defendant in respect to his business or profession, as that the counterclaim of the defendant here should be permitted. See People v. Dennison, 84 N. Y. 272; Haupt v. Ames, 26 App. Div. 550, 50 N. Y. Supp. 495; Lundine v. Callaghan, 82 App. Div. 621, 81 N. Y. Supp. 1052.

The interlocutory judgment should therefore be affirmed, with costs. All concur.