WEISS v. ROSENBAUM et ux.

(Supreme Court, Appellate Term.    March 5, 1909.)

SET-OFF AND COUNTERCLAIM (§ 34*)—RELATION OF CLAIMS.

    Defendants in an action for wages cannot counterclaim for tortious injury to their child.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 57; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Yetta Weiss against Isaac Rosenbaum and wife. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Harry Greenberg, for appellant.

David E. Grossman, for respondents.

MacLEAN, J. The plaintiff claimed for wages, and the defendants interposed a "general denial" and "counterclaim, $45." The pleadings were oral. The plaintiff proved her claim without contradiction, even by admission, although it does not appear that the defendant wife contracted on her own behalf for the services of the plaintiff. From the evidence, the counterclaim rests in tort, seemingly for damage sustained through tortious injury to the child of the defendants. It has been said·that:

"The counterclaim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation, and that the claim of the one should be offset against, or applied upon, the claim of the other." Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552, 556.

The counterclaim herein is not such, and to the complaint of the plaintiff was, under the authority of Lundine v. Callaghan, 82 App. Div. 621, 81 N. Y. Supp. 1052, improperly considered. It would be of no avail to the defendant wife in any event, because the right to the services of a minor belongs primarily to the father, as the one upon whom is cast the obligation of support, and to him belongs the exclusive right to sue for loss of services, and "only expenses actually incurred by the parent for medicine or medical attendance, or which are immediately necessary to be incurred, are recoverable as incident to the main cause of action, and that future, prospective, contingent expenses of this kind are recoverable only in an action by the child." Cuming v. Brooklyn City R. R. Co., 109 N. Y. 95, 99, 16 N. E. 65. The cause must be retried. .

Judgment reversed, and new trial ordered with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAYTON, J. (concurring). If the story of the defendants is true, plaintiff should be proceeded against criminally. There being no denial of the services performed at an agreed rate, the judgment should be reversed.