SOL BLOOM, Appellant, *v.* FLORENCE M. SUTTON, Respondent, Impleaded with ROBERT L. REDFIELD and EMMA B. REDFIELD, His Wife, Defendants.

First Department, December 31, 1917.

Pleading — answer — counterclaim in action to recover for breach of contract to convey lands — alleged modification of contract — malicious filing of contract after default.

Where a plaintiff sues to recover earnest money paid on a contract for the sale of real estate and the expense of searching title, the defendant having failed to perform because the title was unmarketable, a counterclaim, which seeks to recover broker's commissions and attorney's fees upon allegations that the original contract of sale was modified and that the defendant was ready and willing to perform the modified contract and tendered a deed in conformity therewith and that the plaintiff defaulted, is insufficient in law and a demurrer thereto should be sustained.

Nor can a counterclaim be founded on the wrongful and malicious filing of the contract after the time fixed for passing title and after plaintiff's default, for it alleges a tort which does not arise out of the contract set forth in the complaint and is not connected with the subject-matter of the action.

Appeal by the plaintiff, Sol Bloom, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of May, 1917, denying plaintiff's motion to sustain his demurrers to the first and second counterclaims in the amended answer of the defendant Florence M. Sutton, and granting the motion of said defendant to overrule the said demurrers.

*Edward F. Spitz* of counsel [*M. J. Stroock* and *W. S. Dryfoos* with him on the [brief], *Stroock & Stroock,* attorneys, for the appellant.

*R. L. Redfield* of counsel [*Hill, Lockwood, Redfield & Lydon,* attorneys], for the respondent.

Page, J.:

The action is to recover the sum of $5,000, paid as a part of the purchase price, on the signing of a contract for the sale of real estate and also for the expense in searching the title, the defendant Sutton having failed to perform because of an unmarketable title.

The amended answer of the defendant denies the essential allegations of the complaint, and for a first counterclaim alleges a modification of the original agreement, her readiness and ability to perform according to its terms and that she tendered a deed in conformity therewith, and plaintiff's default. Damages of $2,500 for broker's commission and attorney's fees are alleged and sought to be recovered. This counterclaim is insufficient in law. If the plaintiff establishes the fact that the contract is as alleged in his complaint it effectually disposes of the defendant's claim that the contract was different and defendant could not reduce the recovery by showing a breach of a contract which she alleged but had failed to prove. If the defendant succeeds in proving under the denials that she tendered performance of the contract

that actually existed, and that plaintiff was in default, she would retain the $5,000.

The second counterclaim is for the wrongful and malicious filing of the contract after the time fixed for the closing and after plaintiff's default. This alleges a tort and cannot be interposed in the action because, if after default, it does not arise out of the contract or transaction set forth in the complaint nor is it connected with the subject of the action. (*Uvalde Asphalt Paving Co.* v. *Morgan Contracting Co.*, 120 App. Div. 498, 500, 501.)

The order overruling the demurrers will, therefore, be reversed, with ten dollars costs and disbursements, defendant's motion denied and plaintiff's motion granted, sustaining the demurrers, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, defendant's motion denied and plaintiff's motion granted, with ten dollars costs.